MURPHEY *vs.* THE EDUCATIONAL BOARD OF BURKE COUNTY.[*]

1. Where a motion for a new trial was made and perfected during term, and the same was to be heard in vacation on notice by either party to the other, and where, by failure of the clerk to discharge his duty, the parties fail to meet at the time and place fixed by one party and notified by him to the other, and thereby the parties having met at another time and place, the case was passed over to the next regular term of the court, and a motion at that term was made to dismiss it, and the motion overruled:

*Held*, that there was no error in overruling the motion to dismiss. *West vs. Jones*, 69 *Ga.*, 763.

2. The act of March 3, 1874, "to provide for the payment of the claims of school officers and teachers for services rendered in the year 1871," is not unconstitutional, by reason of a proviso in it "that the provisions of this act shall not apply or operate in any county after any grand jury thereof shall otherwise recommend," nor by reason of any of the other provisos contained in the third section of said act.

[*]No full reports or opinions are published in the following cases, under the provisions of the Act of March 2, 1875. (R.)

3. The proviso "that the provisions of this act shall not apply or operate in any county after any grand jury thereof shall otherwise recommend," is not so repugnant to the body of the act as to nullify said proviso; therefore, a charge that a school officer was not entitled to be paid out of the fund set apart for Burke county, under the act of 1874, if the grand jury had recommended that no officer or teacher should be paid out of it, was not erroneous.

4. A claim against a county must be presented and audited within twelve months after it becomes payable; otherwise it is barred. This claim not having been so presented and audited, is barred. Code, 506, 507.

5. If not barred for this reason, it is barred by the ordinary statute of limitations, suit not having been brought within four years from the date of the act providing for payment out of the fund which is sought by this *mandamus* to be held liable to pay it.

6. Under the uniform decisions of this court, especially since the abolition of appeals to a special jury, the first grant of a new trial will not be scrutinized to detect errors of law, or to interfere with the discretion of the superior court on questions of fact; and such first grant of a new trial will not be overruled unless the law and the facts require the verdict. In this case, the verdict is against the law and the evidence.

7. In addition to the foregoing reasons for affirming the judgment, it would seem that, by the third section of the eighth article of the constitution of the state, this fund has been appropriated to the support of common schools in general, and is therefore not liable for this debt. Code, §5206.

Judgment affirmed.

December 4, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.

[Murphey filed his petition for *mandamus* against the Educational Board of Burke County, alleging that he was county school commissioner in 1871, and there was a balance due him for his services of $383.00; that the act of 1874 appropriated all school funds then or thereafter on hand to the payment of the school debts of 1871; that defendants, instead of using the fund to pay him, diverted it to support schools; that they had then in hand $716.00 school fund of 1880, not needed for schools of that year; that this, as all other school funds, were subject to his claim, and that defendant refused to pay him.

The Board answered that plaintiff's claim had never been audited by the school board of 1871; that in 1874 the grand jury ordered the board to hold up $1,000 for school claims of 1871, and devote the rest of the fund to schools, which the board did; that plaintiff waived any claim on the $1,000; that such waiver operates as a payment of his claim; that the grand jury, at May term, 1875, recommended that the act of 1874 should no longer apply in Burke.

The jury found for the plaintiff $342.50. Defendants made a motion for new trial, because the verdict was contrary to law, evidence and the charge of the court. The *rule nisi* was made returnable *instanter*, or as soon as counsel could be heard, and the order provided that service of the rule should be made on plaintiff or his counsel. The motion was called for a hearing; but counsel for respondent objected, on the ground that there had been no service or waiver thereof, and refused to then acknowledge service. Counsel for movant, took an order providing that " said motion be argued in vacation before Judge Snead, at such time as may be agreed upon by counsel, either side having a right to force a hearing of said motion by giving at least ten days' notice to the opposite side, of the time and place of hearing."

Court adjourned July 3, 1882. On July 12, movants' counsel served on counsel for plaintiff notice of a hearing to be had on July 25. Learning that a copy of the motion for new trial had not been served, counsel for movants wrote to the judge asking a continuance. Plaintiff did not live in Burke county, and his counsel were then absent, and could not be served. Neither counsel appeared, and no order was taken on the 25th. On August 14, counsel for plaintiff was served by the sheriff with a copy of the motion for new trial and *rule nisi*. Movants' counsel served counsel for plaintiff with another notice of a hearing to be had on October 12th; at that time, objection was made to the hearing, and the judge refused to act on the

motion, saying he would hear it at the next term. At that term, counsel for plaintiff moved to dismiss the motion for new trial, on the ground that it had lapsed. This motion was overruled; the motion for new trial was granted; and plaintiff excepted.]