40810, 40811. ADAMS et al. v. CITY OF ATLANTA (two cases).
40812, 40813. BRUCE v. CITY OF ATLANTA (two cases).
40814, 40815. HANKINS v. CITY OF ATLANTA (two cases).
(322 SE2d 730)

BELL, Justice.

Plaintiffs-appellants, Clayton County residents, filed suit in Clayton Superior Court against seven airlines using the William B. Hartsfield Atlanta International Airport (hereinafter, "the Airport") to recover damages for alleged noise and air pollution and for trespass from aircraft overflights. Their suits also included claims for damages from appellee City of Atlanta (hereinafter, "the City"), which is the owner and operator of the Airport, sounding in nuisance, trespass, and inverse condemnation. The trial court granted summary judgment in favor of the airlines, and ordered the remainder of the suits transferred to Fulton County Superior Court. In case Nos. 40810, 40812, and 40814, appellants appeal the grants of summary judgment to the airlines. We affirm. In case Nos. 40811, 40813, and 40815, appellants appeal the transfers of venue. We reverse.

*40810, 40812, 40814*

1. Federal law and regulations preempt local control of airspace management, air traffic control, and aircraft noise and emissions. *City of Atlanta v. Owen,* 248 Ga. 299 (282 SE2d 906) (1981); *Owen v. City of Atlanta,* 157 Ga. App. 354 (277 SE2d 338) (1981); City of Burbank v. Lockheed Air Terminal, 411 U. S. 624 (93 SC 1854, 36 LE2d 547) (1973); State of Washington v. General Motors Corp., 406 U. S. 109, 114 (92 SC 1396, 31 LE2d 727) (1972). Appellants argue that preemption does not bar their suits against the airlines because the airlines have violated the applicable federal statutes and rules and regulations, and in support cite the case of Town of East Haven v. Eastern Airlines, 282 FSupp. 507 (D. Conn. 1968). In Town of East Haven the federal district court held that "a violation of the provisions of the Federal Aviation Act or the regulations or rules issued pursuant thereto may give rise to a private federal right of action maintainable by those injured by the violation," id. at 513, and ruled that a complaint against certain airlines for negligent operation in violation of

those rules and regulations stated a claim for relief.

We decline to follow this case. There are many reasons, but the most important is the questionable viability of Town of East Haven's holding in light of Cort v. Ash, 422 U. S. 66 (95 SC 2080, 45 LE2d 26) (1975), which "outlined a 'preferred approach for determining whether a private right of action should be implied from a federal statute. . . .'" California v. Sierra Club, 451 U. S. 287, 292 (101 SC 1775, 68 LE2d 101) (1981). Here, appellants have not asserted, and it does not otherwise appear to this court, that they are the members of "the class for whose *especial* benefit the statute was enacted," Cort v. Ash, supra, 422 U. S. at 78, and we therefore find that appellants have not carried their burden to demonstrate they have a private right of action for damages.

For the foregoing reasons, we find that the trial court did not err in granting summary judgment to appellee airlines.

### 40811, 40813, 40815

2. The remaining issue presented for our consideration is whether suit against the sole remaining defendant, the City, is properly brought in Clayton County or Fulton County.

The right of a property owner to recover against a governmental entity for damage to his property caused by public improvements is not given under the ordinary rules pertaining to torts, but instead is implied from the self-executing constitutional provision, 1983 Ga. Const., Art. I, Sec. III, Par. I, that "private property shall not be damaged for public purposes without just and adequate compensation being paid." *Fulton County v. Baranan*, 240 Ga. 837, 838 (1) (242 SE2d 617) (1978). Neither our state constitution nor eminent domain statutes specify venue in such cases, but we have held that direct condemnation proceedings are local in nature, and should be brought in the county where the land lies, "due to the facility of procuring witnesses familiar with the property to testify as to its value, and also to afford the assessors the opportunity of personal examination." *Whitney v. Central Ga. Power Co.*, 134 Ga. 213, 214 (2) (67 SE 197) (1910).

Inverse condemnation suits are in the nature of direct eminent domain actions, Commonwealth Dept. of Highways v. Gisborne, 391 SW2d 714, 716 (Ky. 1965); State v. Hollis, 379 P2d 750, 751 (Ariz. 1963), and are local in character. Therefore, the policy reasons stated in *Whitney* for requiring direct condemnation actions to be brought in the county in which the land lies apply with equal force to inverse condemnation suits. Moreover, in most instances it would be anomalous to require a governmental body which initiates condemnation proceedings to do so in the county where the land is situated, but to

allow the governmental entity the alternative of avoiding that rule by taking or damaging property without initiating condemnation proceedings, compelling the plaintiff to sue in the entity's home county to recover his damages. This result would encourage delay in payment of just claims for compensation in the interest of forum shopping, and would clearly be inequitable. See Deaconess Hospital v. State, 518 P2d 216, 219 (Wash. App. 1974). We therefore hold that inverse condemnation actions generally must be brought in the county where the land lies.

3. In the instant case the City alleges that the pool of prospective jurors in Clayton County is, due to long-standing controversy over the Airport, so biased against the City that the City cannot hope to obtain a fair trial in that venue, and that the superior court therefore acted within its legal discretion by transferring venue. See OCGA § 9-10-50; 1983 Ga. Const., Art. VI, Sec. II, Pars. VI, VIII; *Alley v. Gormley*, 181 Ga. 650 (1) (183 SE 787) (1935). However, it does not appear that this issue was raised before the trial judge. We therefore decline to address it, but note that our decision of this appeal is without prejudice to the parties to move for a change of venue on remand pursuant to OCGA § 9-10-50.

*Judgment affirmed in cases 40810, 40812, and 40814. All the Justices concur, except Gregory, J., who dissents, and Smith, J., not participating. Judgment reversed in cases 40811, 40813, and 40815. All the Justices concur, except Gregory and Weltner, JJ., who dissent, and Smith, J., not participating.*

DECIDED NOVEMBER 29, 1984.

*Hodges & Hodges, Carl H. Hodges,* for appellants.
*Powell, Goldstein, Frazer & Murphy, John T. Marshall, David G. Ross, David D. Blum, Joe M. Harris, Marva Jones Brooks, Michael L. Smith,* for appellee.