76001. ATLANTA FIRE SYSTEMS, INC. v. ALEXANDER
UNDERWRITERS GENERAL AGENCY, INC.
(366 SE2d 197)

DEEN, Presiding Judge.

On January 2, 1979, a fire began in a sandwich shop and spread to several other businesses located in the same small shopping center. The appellant, Atlanta Fire Systems, Inc., had installed a fire alarm system in the sandwich shop, and was insured under a policy issued by the International Indemnity Company. Several lawsuits resulted,

in which the appellant was named as one of the defendants. Eventually, the insurer participated in a settlement of all the claims, under which it contributed $20,000 to a pool to be distributed amongst nine claimants. The insurer later assigned its rights under the policy to the appellee, Alexander Underwriters General Agency, Inc.

The appellee commenced this action against the appellant, seeking to recover $4,500, representing the total amount due as deductible under the policy ($500 per claim). Following a bench trial, the trial court entered judgment for the appellee for that amount, and this appeal resulted. *Held*:

1. In the appellee's complaint, this action was identified as a suit on an account. At the trial (as well as in a preceding summary judgment motion), however, the action obviously was based on the insurance contract, specifically the endorsement providing that the insured had to pay a $500 deductible for each claim (as opposed to each occurrence). The appellant objected to the admission of the evidence concerning the insurance contract on the basis that the appellee was asserting a different cause of action at the trial. In response to the objection, the appellee suggested that the evidence certainly would amend the complaint, and that, in any event, the appellant could not be surprised at trial since all along it had been clear that the action was based on the insurance contract. Evidently, the trial court agreed with the appellee since it overruled the objection.

Pleadings are amended by the evidence when the issues not raised by the pleadings are tried by express or implied consent of the parties; when one party objects, however, amendment of the pleadings is not so "automatic." See *Burger King Corp. v. Garrick*, 149 Ga. App. 186, 188 (253 SE2d 852) (1979). Nevertheless, "[i]f evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits." OCGA § 9-11-15 (b). It is apparent in the instant case that the appellant failed to satisfy the trial court that it was surprised by the appellee's contractual claim and unprepared to defend against it in its merits. We are similarly unpersuaded.

2. The appellee's assistant vice president of claims testified that the original insurance policy and endorsement had been forwarded to the insured, but that the insurer maintained a copy of the policy that for all practical purposes was identical to the original policy. The only difference would be that the company's copy would have a declarations page recording the form number of any standard endorsements that had been sent to the insured, rather than attaching copies of

such standard endorsements. Given that foundation, the trial court properly admitted the copy of the insurance policy and the endorsement, over the appellant's objection based on the best evidence rule. *Ga. Farm &c. Ins. Co. v. Latimore*, 151 Ga. App. 786 (162 SE2d 735) (1979).

3. The policy endorsement obligated the insured to pay a deductible of $500 per claim, inclusive of all loss adjustment expenses. The appellant contends that he was not bound by this endorsement because he never agreed to such an obligation and never received the endorsement. The appellant's claim of non-receipt of the endorsement conflicted with the insurer's evidence that delivery of policies and endorsements was standard procedure, and the appellant's own initial response to the insurer's demand for payment of the deductible, when the appellant merely disputed having to pay a deductible for each claim rather than for each occurrence. This enumeration of error thus concerns an issue of fact resolved by the trial court in favor of the appellee, which this court will not disturb.

4. The appellee's assistant vice president of claims testified that, based on his review of the claims file maintained on the appellant, nine claims resulting from the 1979 fire had been settled on behalf of the appellant. In order to identify the nine claimants, however, the witness was improperly allowed to refresh his memory by referring to a list prepared by the appellee's attorney. "Although a witness may refresh his memory from a writing prepared by another, he must nevertheless testify from his memory thus refreshed. When the document is prepared by a third person not in the presence of a witness, the memory is not refreshed by such memorandum and such testimony is inadmissible." *Zilinmon v. State*, 234 Ga. 535, 537 (216 SE2d 830) (1975). Since such specific identification of the nine claimants was actually superfluous, however, we fail to see how this testimony constituted reversible error.

5. As noted above, the insurer had contributed $20,000 to a settlement pool to be distributed, along with other funds contributed by other insurers, to the nine claimants; the insurer had also expended over $39,000 in legal fees in defending the appellant against all nine claims. The appellant contends that this evidence failed to establish that the insurer paid at least $500 on each of the nine claims, thus making the appellant liable for only one deductible of $500. We disagree.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 8, 1988 —
REHEARING DENIED FEBRUARY 18, 1988 — 

*Fletcher Thompson*, for appellant.

*Karl M. Terrell*, for appellee.