A89A0842. BANKS COUNTY SCHOOL DISTRICT
v. BLACKWELL.
(383 SE2d 159)

BANKE, Presiding Judge.

Ruby Mae Blackwell filed suit against Irma Griffin Payne and the Banks County School District to recover for personal injuries she sustained in an accident involving a school bus being driven by Ms. Payne. In its answer, the school district asserted that the plaintiff had "failed to give . . . timely notice of the claims asserted in the complaint prior to filing said complaint." The school district subsequently filed a motion to dismiss the action on the basis of this defense, arguing that, pursuant to OCGA § 36-11-1, the plaintiff was required to have submitted written notice of her claim within 12 months after the

accident. The trial court denied this motion during the trial of the case, and the jury subsequently returned a verdict in favor of the plaintiff against both defendants. The school district appeals. *Held*:

1. OCGA § 36-11-1 provides, in pertinent part, that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred. . . ." The object of this Code section " 'is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation. [Cits.]' " *Sikes v. Candler County*, 247 Ga. 115, 119 (274 SE2d 464) (1981).

It is apparent without dispute from the record in this case that the plaintiff failed to give the school district written notice of her claim within 12 months after the accrual of her cause of action. The trial court evidently determined that this failure did not constitute a bar to the action because the claim was against a county school district rather than a county.

A school district is a separate body corporate with the capacity to sue and be sued. *Foster v. Cobb County Bd. of Education*, 133 Ga. App. 768, 769 (213 SE2d 38) (1975). Pursuant to OCGA § 20-2-50, the governance of a county school district is "confined to the control and management of a county board of education" rather than to the county commissioner or commissioners. However, it has been held that "[w]hen the board of education acts upon matters lawfully within its jurisdiction, *it is the county* acting through its corporate authority. . . ." *Duffee v. Jones*, 208 Ga. 639, 645 (7) (68 SE2d 699) (1952). (Emphasis supplied.) Clearly, the administration and management of a county's schools is an integral function of the governance of the county, and claims against a county school district affect the taxpayers of the county no less than claims arising from other governmental functions performed by the county. For these reasons, we conclude that a claim against a county school district constitutes a claim against the county within the contemplation of OCGA § 36-11-1. Accord *Murphey v. Educational Bd. of Burke County*, 71 Ga. 856 (5) (1883). We accordingly hold that the trial court erred in denying the school district's motion to dismiss. The judgment against the remaining defendant is not affected by this decision.

2. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed in part. Sognier and Pope, JJ., concur.*

DECIDED MAY 24, 1989 —
REHEARING DENIED JUNE 5, 1989 — 

*Husby, Myers & Stroberg, W. Allan Myers*, for appellant.
*Robert J. Reed, Deal & Jarrard, J. Nathan Deal, Mary R.*

*Carden,* for appellee.