A89A0316. CITY OF ATLANTA v. STARKE et al.
(384 SE2d 419)

Pope, Judge.

Appellees, owners of residential property located near William B. Hartsfield Atlanta International Airport (hereinafter "airport") brought suit against appellant City of Atlanta, owner and operator of the airport, alleging damage to their person and property under theories of trespass, nuisance and inverse condemnation. The jury awarded appellees $70,225 plus litigation expenses, and appellant appeals.

1. Appellant's first four enumerations of error all complain of the trial court's alleged failure to apply appropriate statutes of limitation to appellees' various causes of action. Specifically, appellant complains of three separate rulings of the trial court with respect to its statute of limitation defenses. However, appellant has failed to give "a single '. . . citation [to] the record or transcript as are essential to a consideration of the [first four] errors complained of.' This violation of Court of Appeals Rule 15 (a) (1) and (c) (3) requires us to hunt through the [163-page record and 790-page transcript (excluding exhibits) for both the rulings complained of and evidence cited in support of appellant's argument]. The reviewing court should not have to search for the treasures when the parties know where they are hidden, especially since each party wants its own to be discovered. We will in this case embark upon an exploration because the law favors that we 'bring about a decision on the merits of every case appealed . . .' OCGA § 5-6-30. [See also *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979)]." *Dugger v. Danello*, 175 Ga. App. 618, 619-620 (334 SE2d 3) (1985).

(a) Appellant first challenges the trial court's use of a general versus special verdict, arguing that the trial court erroneously declined to utilize the special verdict form appellant proposed be submitted to the jury for the purpose of allowing the jury to apply the appropriate statute of limitation to each of appellees' causes of action. Although the record shows a special verdict form was attached to the unsigned consolidated pretrial order, our search of the record and transcript reveals no ruling by the trial court on this issue. There being nothing in the record to suggest that appellant sought the trial court's ruling on the submission of the special verdict form to the jury, or that the trial court did in fact rule that a general versus a special verdict form

would be submitted to the jury, appellant has failed to present anything in the record for this court to review. See *Nash v. Crowe*, 222 Ga. 173 (149 SE2d 88) (1966); *Brookhaven Assoc. v. DeKalb County*, 187 Ga. App. 749, 750-751 (371 SE2d 231) (1988).

(b) Appellant also contends that the trial court erred by failing to direct a verdict in its favor based on its statute of limitation defenses and by failing to charge the jury on the applicable statutes of limitation. Although appellant does not give any specific dates as to when it contends appellees' causes of action accrued, and even though appellant again fails to provide citations to the record or transcript in support of these enumerations, appellant appears to contend that the relevant dates were the date of construction of the airport, the addition of a runway in 1964 and a change of departure headings in 1973. However, it is clear from our review of the record and transcript that appellees' contentions related not to these earlier events, but to a change in flight patterns to a "straight out" departure heading which resulted in air traffic being re-routed over appellees' property. This pattern, according to the testimony of various witnesses, became permanent in either 1982 or 1983, and appellees' complaint was filed June 19, 1985. Appellant failed to carry its burden of proof by showing that appellees' claims were brought outside the four-year period of limitation for the claims involving trespass to realty (OCGA § 9-3-30) or the two-year period of limitation for the claims involving personal injury (OCGA § 9-3-33). Consequently, we find that the trial court did not err in denying appellant's motion for directed verdict or refusing to give appellant's requests to charge based on its statute of limitation defenses. *Savannah Bank &c. Co. v. Meldrim*, 195 Ga. 765 (25 SE2d 567) (1943); *Holland Furnace Co. v. Willis*, 120 Ga. App. 733 (4) (172 SE2d 149) (1969).

(c) For the same reason, we find no error in the denial of appellant's pretrial motion and motion for directed verdict at trial based on the appellees' alleged failure to give notice of their claims against appellant as provided by OCGA § 36-33-5. Again, appellant does not assert when this notice should have been filed in order for it to be timely. Moreover, the record does not contain the arguments and evidence appellant presented to the trial court in support of its pretrial motion nor does it contain the court's ruling thereon. The record does contain appellees' brief in opposition to appellant's motion, which references several documents that appellees presented to the trial court to demonstrate their compliance with OCGA § 36-33-5. "Under these circumstances, we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction (*Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339 (301 SE2d 292) (1983)), assume that the evidence was sufficient to support the trial court's [ruling], and affirm the judgment." *Acker v. Jenkins*, 178 Ga. App. 393, 394

(343 SE2d 160) (1986). See also *Thomas v. Bartlett*, 183 Ga. App. 412 (359 SE2d 156) (1987). "When there is nothing in the record to support the contention of error, there is nothing presented to this court for review." *Brookhaven Assoc.*, 187 Ga. App. at 750-751.

2. We have considered appellant's enumeration of error concerning the trial court's denial of its motion seeking to exclude the testimony of Dr. Paul Rosch, a physician specializing in the area of stress medicine, and find it to be without merit. Specifically, we have examined the testimony of Dr. Rosch and find no merit to the contention that it should have been excluded because it was unreliable and speculative.

3. Appellant next argues that the trial court erred in refusing to allow it to introduce evidence concerning its noise mitigation efforts and to explain its "Part 150" noise mitigation plan. Appellant contends that such evidence was admissible to rebut the testimony of certain of appellees' witnesses who testified concerning appellant's lack of action to remedy the problem created by the airport noise. Our review of the record reveals the trial court did not err. The testimony appellant sought to introduce related to appellant's efforts to purchase air rights in the affected area and to provide acoustical treatment of the houses located there. We agree with the trial court that such testimony was inadmissible pursuant to OCGA § 24-3-37 because it related to efforts by appellant to compromise the claims against it.

4. Appellant also argues that the trial court erred in denying its motion for directed verdict based on the fact that appellees' property had increased, not decreased, in value over the last several years. In support of this contention, appellant relies on the case of *Fields v. Sarasota-Manatee Airport Auth.*, 512 S2d 961 (Fla. App. 1987), in which the Florida Court of Appeals held that the " 'substantial loss in market value' " which is necessary to support an action for inverse condemnation cannot be equated with a "decreased increase" in market value. Id. at 964.

In the case at bar, testimony was presented concerning the value of appellees' property as it existed close to the time of trial, as compared to the value of the property without overflights. The record also showed that appellees' property had in fact increased in value since 1981, when it apparently was last appraised. We disagree that because of this increase appellees could not maintain an action for inverse condemnation. The appraiser testified that the increase was due to overall property value increases in the area and because certain improvements had been made to appellees' house. On the other hand, the appraiser testified to a depreciation in excess of $25,000 in the market value of the premises caused by departures and landings over the property. This, in our opinion, was sufficient to support appellees'

contention that they were entitled to just and adequate compensation for the property taken or damaged. Consequently, the trial court did not err in denying appellant's motion for directed verdict.

5. We have examined appellant's remaining enumeration of error challenging the charge of the court to the jury and find it to be without merit. Specifically, the trial court did not err in instructing the jury that appellees were entitled to recover damages resulting from the loss of use and enjoyment of their property. See *City of Columbus v. Myszka*, 246 Ga. 571 (6) (272 SE2d 302) (1980).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 13, 1989 —

*Marva Jones Brooks, Joe M. Harris, Jr., Michael L. Smith*, for appellant.

*Carl H. Hodges*, for appellees.