## A89A0842. BANKS COUNTY SCHOOL DISTRICT v. BLACKWELL et al.

(389 SE2d 782)

BANKE, Presiding Judge.

Ruby Mae Blackwell brought this action against Irma Griffin Payne and the Banks County School District to recover for personal injuries sustained when her car was struck by a school bus being driven by Ms. Payne. The collision occurred as the bus was entering the highway from the school grounds. Prior to the collision, a flagman stationed at the entrance to the school had stopped Ms. Blackwell's progress on the highway to permit several other buses to depart the premises. When it appeared to this flagman that the last bus had departed, he directed Ms. Blackwell to proceed. As she was doing so the bus being driven by Ms. Payne came around the corner of one of the school buildings and struck the rear portion of her vehicle.

A jury returned a verdict against both defendants, and the Banks County School District appealed to this court. In *Banks County School District v. Blackwell*, 191 Ga. App. 790 (383 SE2d 159) (1989),

we held that the claim against the school district should have been dismissed pursuant to OCGA § 36-11-1 based on the plaintiff's failure to submit written notice of her claim to the school board within 12 months after the accident. However, the Supreme Court reversed that decision on certiorari, ruling that a claim against a county school district does not constitute a claim against the county within the contemplation of OCGA § 36-11-1. We now address certain additional issues raised by appellant school district which were pretermitted by our prior decision in the case. *Held*:

1. The appellant contends that the trial court erred in submitting the issue of the flagman's alleged negligence to the jury because that issue was not raised by the pleadings and because counsel for the plaintiff asserted during his opening statement that the sole proximate cause of the accident had been the failure of Ms. Payne, the driver of the school bus, to yield the right-of-way. This enumeration of error does not address itself to any ruling made by the trial court and consequently presents nothing for review. In particular, no objection was made to any of the court's charges on the ground that they allowed the jury to return a verdict against the school district based on the flagman's negligence, nor was any objection made during the trial to any of the evidence which was presented on this issue. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). See *Atlanta Fire Systems v. Alexander Underwriters &c.*, 185 Ga. App. 873, 874 (366 SE2d 197) (1988).

2. The appellant contends that the evidence did not support a finding of fault on the part of the flagman because, like the plaintiff, he did not realize the bus was coming until after he had already directed the plaintiff to proceed, and because "[t]here was no evidence which indicated that [he] had any superior knowledge from which he could have foreseen the possibility of this incident." This contention is without merit. A second flagman who was present at the scene at the time of the accident testified that, although his view was no less obstructed than that of the first flagman, he had been able to see the oncoming bus in time to prevent the cars which he was directing from proceeding; and the jury was clearly entitled to conclude under the circumstances that the plaintiff had acted reasonably in relying on the directions given to her.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989.

*Husby, Myers & Stroberg, W. Allan Myers*, for appellant.

*Deal & Jarrard, J. Nathan Deal, Robert J. Reed, Mary J. Carden,* for appellees.