## A96A0409. SOUTHFUND PARTNERS v. CITY OF ATLANTA.
### (472 SE2d 499)

ANDREWS, Judge.

Southfund Partners ("Southfund") appeals from the trial court's order granting the City of Atlanta's ("City's") motion for summary judgment on Southfund's claims of inverse condemnation and continuing nuisance. We affirm the judgment of the trial court.

The land in question is an 80 acre tract of undeveloped property that Southfund bought in May 1984, with the intention of developing it for residential use. The property lies within the 70 to 75 Level of Day/Night Noise contour lines[1] of Hartsfield Airport and is 3.2 miles from Runway 26R and Runway 26L. Runway 26L has been in operation since 1969 and Runway 26R became operational in December 1984.

In 1993, Southfund presented its residential plan to Bill Kennedy, the City Planner. Kennedy informed Southfund that any request for rezoning would be denied due to the property's proximity to the airport. As a result of this inability to rezone, a contract for the sale of the property became null and void.

On June 17, 1994, Southfund served the City with an ante litem notice under OCGA § 36-33-5. On September 28, 1994, Southfund filed a complaint against the City alleging that alterations in flight paths and an increase in noise since the property was purchased have made the property unmarketable. Southfund also claimed that the level of noise would cause emotional and physical injury to any future occupant of the property.

The trial court found that Southfund's claims were barred because the complaint was filed more than four years after the alleged taking and damages became immediately apparent; namely, when Runway 26R became operational. Further, the court found since Southfund failed to show any increase in flights or noise levels since 1987, it could not support its contention that the airport was a continuing nuisance.

Southfund argues on appeal that because the City presented no

---

[1] The Level of Day/Night Noise or "LDN" represents the amount of noise the property is subjected to over the period of a year.

evidence showing specifically the noise levels or overflights at the property in question, it cannot show that the nuisance did not increase during the past four years. Alternatively, Southfund argues the statute of limitation does not accrue until the landowner is denied compensation for the taking and, therefore, the complaint is not barred by the statute of limitation. As to its nuisance claim, Southfund contends this is not time barred because the airport is a continuing nuisance and the statute of limitation begins to run with each fresh occurrence of the injury complained of.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Southfund's claims are governed by the four-year statute of limitation for trespass or damage to realty under OCGA § 9-3-30. *City of Atlanta v. Starke*, 192 Ga. App. 267, 268 (384 SE2d 419) (1989). Accordingly, as Southfund's complaint was filed on September 28, 1994, its cause of action for inverse condemnation must have accrued after September 28, 1990.

The City submitted evidence showing that the number of flights of the noisier Stage 2 aircraft[2] declined from 1077 flights daily in 1987 to 479 flights in 1991, and then to 369 flights in 1993. Further, although there was a corresponding increase in quieter Stage 3 aircraft, the total number of flights has not increased since September 1990, and flight patterns have not changed since February 1986.

Southfund does not dispute the accuracy of this evidence, but instead contends the City is not entitled to summary judgment because it presented no evidence specific to the noise levels and overflights at Southfund's property. We disagree. The City's evidence as to the frequency of flights, flight patterns, and reduction in numbers of flights of Stage 2 aircraft, is sufficient to show there has been no

---

[2] The aircraft operating out of Hartsfield are classified as Stage 2 or Stage 3 aircraft, with Stage 3 being the quieter of the two types.

increase in the nuisance over Southfund's property and, if Southfund had a cause of action, it accrued more than four years prior to the date of the filing of their complaint. See *Provident Mutual Life Ins. Co. v. City of Atlanta*, 864 FSupp. 1274, 1284 (N.D. Ga. 1994). In light of this, Southfund cannot rest on its pleadings, but, in order to create a triable issue, must point to some specific evidence showing that the overall reduction in noise levels does not apply to its property. *Lau's Corp.*, supra at 491. As Southfund has submitted no evidence on this issue, we find the trial court correctly granted summary judgment to the City on the inverse condemnation claim.

2. Alternatively, Southfund argues its cause of action did not accrue until it was denied compensation for the taking. But, that is not the law in Georgia. The Georgia Constitution, Art. I, Sec. III, Par. I, provides: "(a) Except as otherwise provided in this Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Therefore, as the court points out in *Provident Mutual*, the denial of just compensation is operative at the moment of the taking. *Provident Mutual*, supra at 1282. In this instance, we find the moment of taking to be the time when the runways became operational and the injury became immediately apparent. Even if it can be argued that a new taking occurred when the number of flights increased in 1987,[3] this is still outside the four-year statute of limitation.

3. Southfund also argues that its claim of nuisance is not barred by the four-year statute of limitation because the airport is a continuing nuisance and the statute of limitation begins to run with each fresh occurrence of the nuisance.

In *City Council of Augusta v. Lombard*, 101 Ga. 724 (28 SE 994) (1897), the Georgia Supreme Court discussed the tests for determining whether a nuisance is continuing or permanent as follows: "A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance and against which the statute of limitations begins, from that time, to run. . . . Where a nuisance is not permanent in its character but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie." (Citations and punctuation omitted.) Id. at 727. Further, "[w]here one creates a nuisance and permits it to remain, it is treated as a continuing wrong and giving rise, over and over again,

---

[3] See *Duffield v. DeKalb County*, 242 Ga. 432 (249 SE2d 235) (1978) (increase in activity may constitute a "fresh" nuisance).

to causes of action. But the principle upon which one is charged as a continuing wrong-doer is, that he has a legal right, and is under a legal duty, to terminate the cause of the injury." Id.

Applying these principles to the instant case, we find the airport to be a permanent rather than a continuing nuisance. Once Runway 26R was completed in 1984, its use necessarily constituted an injury to Southfund's property. Further, as previously discussed, the damage to the property was complete and capable of being fully compensated from the first day the runway became operational.

We note the District Court came to the same conclusion in *Provident Mutual Life Ins. Co. v. City of Atlanta*, No. 1:93-CV-1341-JTC (N.D. Ga. March 28, 1995).[4] In that case, the court found that the operation of the airport is done for the public's benefit, the noise, vibration, and pollution associated with its operation will not be abated, and this damage was apparent from the initial operation of the runway. Accordingly, the court determined that the airport was not a continuing nuisance and the claim was barred by the statute of limitation. Id.

Further, although Southfund alleges the noise injury comes from improper operations and maintenance of the airport and improper operation of the Noise Abatement Program, it points to no evidence of this in the record. Inasmuch as the City has presented evidence of the airport's proper construction, maintenance, noise abatement operations and environmental protection measures, Southfund may not rest on its pleadings but must point to some evidence creating a triable issue. *Lau's Corp.*, supra at 491.

Accordingly, we find the airport is not a continuing nuisance in the instant case. Therefore, since the damage complained of became apparent at the time the runways in question began operating, and since Southfund does not show any increase in the nuisance occurring within the four-year period prior to the bringing of its complaint, the nuisance claim is likewise barred by the applicable four-year statute of limitation. The trial court did not err in granting the City's motion for summary judgment on this claim.

4. In light of our findings that Southfund's claims are barred by the applicable statute of limitation and rejecting its contention that

---

[4] In the first *Provident Mutual* case, the U. S. District Court granted summary judgment to the City on plaintiff's inverse condemnation claim based on a physical taking and denied summary judgment on plaintiff's claims of nuisance and inverse condemnation because of nuisance. See *Provident Mutual Life Ins. Co. v. City of Atlanta*, 864 FSupp. 1274 (N.D. Ga. 1994). In the second case, on renewed motion for summary judgment, in an unpublished opinion, the court granted summary judgment to the City on plaintiff's remaining claims. The court held that the airport was a permanent, not a continuing nuisance, and, therefore, the claims were time-barred. *Provident Mutual Ins. Co. v. City of Atlanta*, No. 1:93-CV-1341-JTC (N.D. Ga. March 28, 1995).

the airport is a continuing nuisance, we need not address South-fund's remaining arguments concerning the constitutionality vel non of OCGA § 36-33-5 requiring ante litem notice to municipalities.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 7, 1996 —

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellant.

*Clifford E. Hardwick IV, Charles G. Hicks*, for appellee.