## A98A0648. UTICA MUTUAL INSURANCE COMPANY v. KELLY & COHEN, INC.

### (504 SE2d 510)

RUFFIN, Judge.

Jeffrey and Amy Cross sued furniture retailer Kelly & Cohen, Inc. ("K&C") for damages they allegedly sustained when a K&C employee misappropriated Amy Cross's credit information and used the information to establish a false identity, obtain a bank loan and purchase goods and services from other establishments. K&C filed a third party complaint for declaratory relief against its liability insurer, Utica Mutual Insurance Company ("Utica"), after Utica denied coverage. On cross-motions for summary judgment by Utica and K&C, the trial court denied Utica's motion and granted partial summary judgment to K&C. Utica appeals the trial court's order, and for reasons which follow, we affirm.

In their complaint, the Crosses alleged that they purchased furniture from K&C on credit and that K&C employee Linda Astwood obtained the necessary credit information from them. According to their complaint, the Crosses subsequently discovered that Astwood had charged over $700 on their bank card and used Amy Cross's personal information to purchase goods and services and obtain a bank loan. The Crosses alleged that Astwood had access to this information by virtue of her employment with K&C and that because she had a prior conviction for credit fraud, K&C is liable under the theories of negligent hiring and retention, respondeat superior and premises liability. With regard to their claim under the theory of respondeat superior, the Crosses specifically alleged that Astwood committed the wrongful acts "in the course of her employment" with K&C.

In denying K&C's request for liability insurance coverage, Utica relied on an exclusion in the policy which provides that the insurance does not apply to "[p]ersonal injury" or "advertising injury" "[a]rising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured[.]" The policy includes within its definition of an "insured" K&C's "employees, other than your executive officers, but only for *acts within the scope of their employment* by you." (Emphasis supplied.) Utica argued that this criminal acts exclusion applies because the complaint alleges that the Crosses were damaged through a willful criminal act of K&C employee Astwood, an insured, within the scope of her employment. In response, K&C asserts that notwithstanding the Crosses' specific allegation that Astwood was acting "in the course of her employment," the exclusion does not apply because (1) there is a factual dispute concerning whether Astwood was actually acting within the scope of her employment when she committed the purported criminal acts, and (2) they asserted alternative causes of action independent

of this specific allegation.

The trial court found that the exclusion does not apply, and the sole issue raised by Utica in this appeal is whether the exclusion precludes Utica's duty to defend K&C because the complaint alleged that Astwood was acting within the course of her employment.

" '[A]n insurer's duty to pay and its duty to defend are separate and independent obligations. [Cits.]' [Cits.]" *Penn-America Ins. Co. v. Disabled American Veterans*, 268 Ga. 564, 565 (490 SE2d 374) (1997). As a general rule, " 'the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy[,] even if groundless, the allegations of the complaint against the insured are looked to to determine whether a liability covered by the policy *is asserted*.' [Cits.] Thus, it is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense. [Cits.]" (Emphasis in original.) Id.

In this case, the Crosses' complaint alleges liability that is not excluded under the subject provision of K&C's insurance policy with Utica. Though it is true that the Crosses' allegation of respondeat superior is dependent upon a finding that Astwood was acting in the scope of her employment with K&C, this is not the only cause of action the Crosses asserted. See *Hillside Orchard Farms v. Murphy*, 222 Ga. App. 106, 109 (1) (473 SE2d 181) (1996). The Crosses also alleged that K&C is liable for negligently hiring and retaining Astwood. In connection with this claim, the Crosses did not allege that Astwood committed the wrongful acts within the scope of her employment, and this finding is not an essential element of the claim. See *Henderson v. Nolting First Mtg.*, 184 Ga. 724, 736 (2) (193 SE 347) (1937). Such alternative pleading is expressly authorized by OCGA § 9-11-8 (e) (2), regardless of any inconsistencies that may exist between the two causes of action. See *Hodges v. Youmans*, 120 Ga. App. 805, 809 (172 SE2d 431) (1969). Accordingly, although the Crosses alleged that Astwood was acting within the scope of her employment in connection with one cause of action, they nevertheless asserted an alternative basis of liability which, under the allegations of the complaint, is not excluded under the policy's criminal acts exclusion. Thus, although evidence may ultimately establish that Astwood was acting within the scope of her employment, because the Crosses' complaint shows potential coverage, Utica has a duty to defend and the trial court did not err in so finding. See *Penn-America*, supra at 566.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED JULY 10, 1998 —
RECONSIDERATION DENIED JULY 24, 1998 —

*Zirkle & Hoffman, Benjamin E. Pellegrini, Kevin Elwell,* for appellant.

*Cofer, Beauchamp, Stradley & Hicks, Stanley A. Coburn, Nell A. Pedigo,* for appellee.