### A99A1936. McENTYRE v. McRAE et al.
#### (522 SE2d 731)

JOHNSON, Chief Judge.

Annelle McRae sued Lorene McEntyre for personal injuries sustained in an automobile accident. Her husband also joined the suit, alleging loss of consortium. Following a jury trial, the jury returned a verdict in favor of the McRaes. McEntyre appeals from the judgment entered on the jury verdict. We affirm.

1. McEntyre contends the trial court erred in denying her motion to exclude the expert opinion testimony of Drs. Bryan Siddall and Todd Gracen because they had not been identified as expert witnesses in response to her interrogatories. We disagree.

While the record shows that these two doctors were not formally identified as expert witnesses in response to the interrogatory question, it is undisputed that: (1) McRae identified both doctors in her answers to interrogatories as her treating physicians; (2) McRae identified both doctors in her trial brief as "may call" witnesses; and (3) McEntyre's counsel had obtained the medical records of these doctors during discovery.

Following opening statements, McEntyre moved to exclude the opinion testimony of these two doctors on the ground that neither had been identified as expert witnesses in response to her interrogatory requests. During this motion, she stated that she had no problem with the doctors testifying as fact witnesses because they were on the witness list; however, she wished to exclude any opinion testimony. McEntyre did not suggest she would be prejudiced in any way or that she could not adequately go forward with her case. She did not claim surprise, request a continuance or a mistrial, or ask for an opportunity to interview the witnesses prior to their testifying. In addition, the trial transcript shows that McEntyre cross-examined the doctors and never indicated any additional ground for either excluding the doctors' testimony or requiring a continuance.

It is well established that the admission of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *American Petroleum Products v. Mom & Pop Stores,* 231 Ga. App. 1, 7 (3) (497 SE2d 616) (1998). In the present case, the trial court denied McEntyre's motion in limine,

finding that it should have been obvious to anyone associated with the case that the plaintiff's treating doctors were going to give expert testimony. The trial court did not abuse its discretion in allowing the evidence.

Moreover, "[e]xclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission. [Cit.]" *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729 (1) (494 SE2d 751) (1997). The only appropriate remedy for McRae's alleged failure to list the two treating doctors as expert witnesses rather than fact witnesses was postponement of trial or a mistrial. Id. at 730. Neither was requested in the present case. This enumeration of error lacks merit.

2. McEntyre contends the trial court should have permitted her to ask McRae on cross-examination about a letter written by her employer to McEntyre's counsel which stated that it had asked McRae three times to consent to the production of her personnel file and she had refused. McEntyre's counsel conceded that the letter was inadmissible and acknowledged that he was not going to read it to the jury. However, he argued that he should be allowed to show the letter to McRae to refresh her recollection if McRae testified that she was not asked to give her permission. The trial court ruled this was not appropriate and would not be allowed. We agree.

Although a witness may refresh her memory by referring to a writing prepared by herself or prepared by another at her direction or in her presence, " '[w]hen the document is prepared by a third person not in the presence of a witness, the memory is not refreshed by such memorandum and such testimony is inadmissible.' " *Atlanta Fire Systems v. Alexander Underwriters &c.*, 185 Ga. App. 873, 875 (4) (366 SE2d 197) (1988); *Zilinmon v. State,* 234 Ga. 535, 537 (3) (216 SE2d 830) (1975). The trial court did not err in refusing to allow McEntyre to show McRae the letter written by McRae's employer to McEntyre's counsel.

3. McEntyre contends the trial court erred in precluding her from informing the jury that Dr. Robert Yatto was selected by and paid as an independent medical examiner for the plaintiff. We disagree.

First, McEntyre contends that the trial court erred in ruling that such testimony was irrelevant to any issue in the case. The admission of evidence lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. See *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902 (2) (517 SE2d 365) (1999). McEntyre acknowledged in her motion for new trial hearing that although Dr. Yatto was selected by McRae's attorney, the parties each paid for half of the costs associated with Dr. Yatto's independent medical examination. Any other factors surrounding the selection

and retention of Dr. Yatto, as well as the arguments made regarding this issue and the basis for the trial court's ruling on this issue, are not included in the record. Without such a record, we cannot determine what occurred in the proceedings below and must assume that the evidence supported the trial court's ruling excluding evidence of Dr. Yatto's employment. See *McMillian v. Rogers*, 223 Ga. App. 699, 700-701 (1) (a) (479 SE2d 7) (1996); *City of Atlanta v. Starke*, 192 Ga. App. 267, 268-269 (1) (c) (384 SE2d 419) (1989).

McEntyre also argues that McRae "opened the door" for such cross-examination when her attorney allegedly informed the jury during opening statements that McEntyre, and not McRae, selected and hired the independent medical examiner. McRae disputes McEntyre's characterization of the comment during opening statement. Opening statements were not transcribed. Absent a transcript, we cannot ascertain exactly what transpired during McRae's opening statement and, therefore, cannot determine whether McRae "opened the door" for further inquiry into Dr. Yatto's selection. "The burden is on the party alleging error to show it affirmatively by the record, and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *Bakery Svcs. v. Thornton Chevrolet*, 224 Ga. App. 31, 34-35 (5) (479 SE2d 363) (1996); *Sycamore Pellet Systems v. Southeastern Steam*, 196 Ga. App. 717-718 (2) (397 SE2d 6) (1990).

We cannot rely on the factual assertions in McEntyre's brief regarding what transpired during McRae's opening statement. Such factual assertions, unsupported by the appellate record, are not evidence and may not support a ruling by this court. *CNL Ins. America v. Moreland*, 226 Ga. App. 57, 58 (485 SE2d 515) (1997). This enumeration of error lacks merit.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999.

*McNatt, Greene & Thompson, Troy L. Greene, John T. Croley, Jr.*, for appellant.

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellees.