## A01A1298. BENTON et al. v. SAVANNAH AIRPORT COMMISSION.
### (555 SE2d 110)

JOHNSON, Presiding Judge.

Mary Benton and her daughter Rebecca Benton own real estate located next to the Savannah International Airport. They sued the Savannah Airport Commission, alleging that increased air traffic and noise at the airport had damaged the value of their property. In their lawsuit, the Bentons asserted several claims, including an inverse condemnation claim under state law and a claim for the taking of property without just compensation under 42 USC § 1983.

The trial court dismissed the § 1983 claim as not ripe for adjudication and later entered summary judgment against the Bentons on their inverse condemnation claim because it is barred by the statute of limitation. The trial court also entered summary judgment against the Bentons on all of their other claims. The Bentons appealed the rulings, and this Court affirmed all of the grants of summary judgment, but reversed the dismissal of the § 1983 claim on the ground that the trial court should have deferred ruling on that dismissal until the state inverse condemnation claim was adjudicated.[1]

On remand, the Airport Commission moved for summary judgment on the § 1983 claim. The trial court granted the motion, finding that the Bentons' failure to pursue their state inverse condemnation claim in a timely fashion is fatal to their § 1983 claim. The Bentons appeal from that ruling. Because we agree with the reasoning of the trial court, we affirm the grant of summary judgment.

1. Under 42 USC § 1983, a person who under color of state law deprives another person of any right secured by the United States Constitution shall be liable to the injured person. The crux of the Bentons' § 1983 claim is that the Airport Commission deprived them of their rights under the Fifth Amendment to the Constitution, which prohibits the taking of private property for public use without just compensation.

---

[1] *Benton v. Savannah Airport Comm.*, 241 Ga. App. 536 (525 SE2d 383) (1999).

As noted in the Bentons' prior appeal, the Supreme Court has held that "[i]f a state provides an adequate procedure for seeking just compensation, a property owner cannot assert a claim under the [Fifth Amendment's] Just Compensation Clause until it has used the state procedure and has been denied just compensation."[2] The State of Georgia provides property owners an adequate procedure for seeking just compensation in the form of an inverse condemnation action.[3]

As this Court previously held, the Bentons' untimely inverse condemnation action is barred by the applicable four-year statute of limitation.[4] In effect, the Bentons forfeited their right to pursue an inverse condemnation claim under state law. That forfeiture resulted solely from the Bentons' own inaction, not from any action by the Airport Commission. Because they failed to properly use the state's adequate inverse condemnation procedure, the Bentons cannot now complain that the Airport Commission denied them just compensation.

And because the Airport Commission has not denied the Bentons just compensation, the § 1983 claim, which is premised on an allegation of a taking without just compensation, is insupportable as a matter of law and fact. The trial court correctly found that the Bentons cannot prove an essential element of their § 1983 claim, and therefore the trial court did not err in granting summary judgment to the Airport Commission on the § 1983 claim.[5]

2. The Bentons argue that the trial court's summary judgment ruling does not address the merits of their § 1983 claim, and it therefore violates this Court's prior decision remanding that claim for the trial court to consider its merits.[6] The argument misconstrues the trial court's summary judgment ruling. As discussed in Division 1, the trial court correctly ruled that the Bentons cannot prove an essential element of their § 1983 claim. Thus, the trial court did consider the merits of the Bentons' claim, and the entry of summary judgment in no way violates this Court's previous opinion.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 5, 2001 — ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellants.

---

[2] Id. at 538 (1), citing *Williamson County Regional Planning Comm. v. Hamilton Bank*, 473 U. S. 172, 195 (105 SC 3108, 87 LE2d 126) (1985).

[3] Id., citing Ga. Const. of 1983, Art. I, Sec. III, Par. I; *Adams v. City of Atlanta*, 253 Ga. 581, 582 (2) (322 SE2d 730) (1984).

[4] *Benton*, supra at 539-540 (3).

[5] See OCGA § 9-11-56.

[6] Id. at 538 (1).

*Rebecca C. Benton*, pro se.

*Fincher & Hecht, Steven M. Fincher, Brennan & Wasden, Joseph P. Brennan, Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellee.