## A92A0959. MINTON v. THE STATE.

(422 SE2d 300)

JOHNSON, Judge.

Michael R. Minton was convicted of two counts of child molestation and one count of burglary. He appeals from the conviction and the denial of his motion for a new trial.

1. Minton first challenges the sufficiency of the evidence presented at trial.

The evidence showed that Minton lived next door to the child molestation victims, five-year-old twin sisters. On the date of the incident, a neighbor saw Minton watching the two girls. Both victims testified that they were awakened in the middle of the night when a man broke into their bedroom. They identified Minton as the intruder and stated that he laid on top of each of them and fondled their genitalia. The victims' parents were awakened by the girls' screams. As their father ran into the bedroom he saw a man jump out of the bedroom window and noticed that both of the girls' panties had been removed. The screen on the bedroom window was bent open. Minton's fingerprint was found on the outside of the screen. Reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Minton guilty beyond a

reasonable doubt of burglary and two counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Minton next asserts that he was denied effective assistance of counsel in that his attorney failed to interview him, to interview witnesses, to make an opening statement, to object to hearsay testimony, and to advise Minton of his right to testify. " 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings.' (Citations and punctuation omitted.) [Cit.]" *Jacobson v. State*, 201 Ga. App. 749, 752 (5) (412 SE2d 859) (1991). Minton has failed to make both showings.

(a) We find that counsel's failure to interview Minton prior to trial was deficient. Counsel was appointed to represent Minton several months before trial and therefore had more than sufficient time to conduct an interview. Counsel has offered no explanation as to why he failed to personally interview his client. However, Minton has failed to show how his attorney's deficient performance prejudiced the defense. An investigator working for Minton's counsel interviewed Minton three times before trial and discussed those interviews with counsel. Minton has made no showing that his attorney would have discovered additional information by personally interviewing him. Although we find counsel's failure to interview his client unprofessional, we are constrained to find further that Minton has not met his burden of showing that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. This is especially true in light of the overwhelming evidence of Minton's guilt.

(b) Despite Minton's contentions, counsel testified at the motion for new trial hearing that he did interview both witnesses identified by Minton. Counsel also testified that although he did not interview the State's witnesses, the prosecutor informed him of the expected testimony of each of the State's witnesses. "Counsel's preparation was not so slight as to give rise to a claim of ineffective assistance of counsel. [Cit.]" *Penaranda v. State*, 203 Ga. App. 740, 744 (4) (d) (417 SE2d 683) (1992).

(c) Counsel's decision not to make an opening statement was a

matter of trial strategy. "This court has repeatedly held that trial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation and citation omitted.) *Jacobson v. State*, supra at 752 (5) (a).

(d) Counsel's failure to object to the hearsay testimony of a police officer was harmless. The officer testified that the incident occurred at 1:40 a.m., and that Minton's stepmother told him that Minton returned home at 1:48 that morning. After the officer's testimony, Minton's stepmother told the jury that Minton came home sometime between 12:00 and 1:00 a.m. In light of the stepmother's testimony directly contradicting the officer's statement, we find that counsel's failure to object was harmless.

(e) Minton's attorney testified at the motion for new trial hearing that, contrary to Minton's assertion, he did advise Minton of his right to testify and that Minton stated he did not want to testify. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Punctuation and citations omitted.) *Jacobson v. State*, supra at 754 (5) (d). Here, the trial court's finding was not clearly erroneous as there was evidence to support it.

3. Minton contends in his third enumeration that the trial court erred in advising him of his right to testify in the presence of the jury. Minton, however, made no objection to the judge's remarks. "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal. Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review." (Punctuation and citations omitted.) *Williams v. State*, 201 Ga. App. 383, 384 (411 SE2d 118) (1991). Even if Minton had timely objected to the judge's remarks, this issue has previously been decided adversely to Minton. See *Drake v. State*, 239 Ga. 232, 236 (3) (236 SE2d 748) (1977).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*William J. Mason*, for appellant.

*Douglas C. Pullen, District Attorney, Lew S. Barrow, Assistant District Attorney*, for appellee.