A96A0239, A96A0240. COHEN v. LOWE AVIATION COMPANY, INC.; and vice versa.

(470 SE2d 813)

JOHNSON, Judge.

Norman Cohen and Edward Hill, both licensed pilots, were killed instantly when a Cessna 172 airplane crashed during takeoff. Ellen Cohen, as surviving spouse and executrix under her late husband's will, brought this negligence action against Lowe Aviation Company, Inc. seeking damages for the wrongful death of her husband. She alleged that Lowe negligently failed to maintain the plane rented to Norman Cohen, and that Lowe's employee, Edward Hill, was negligent in failing to provide adequate flight supervision resulting in Norman Cohen's death. After hearing eight days of evidence, a jury returned a verdict in favor of defendant Lowe which is appealed by Cohen in Case No. A96A0239.

*Case No. A96A0239*

1. In five separate enumerations of error, Cohen argues that the verdict is contrary to the evidence, justice, and equity, against the weight of the evidence, and contrary to the law as charged. She asserts the trial court erred in failing to direct a verdict in her favor

and in denying her motion for new trial. Because the standard of review on appeal, the "any evidence" rule, is the same for all of these allegations, we will treat them together. "Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. . . . The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of [plaintiff's] motion for new trial . . . will not be disturbed." (Citations and punctuation omitted.) *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996).

Viewed in this light, the evidence supports the facts as follows. Norman Cohen had obtained his private pilot license. He had subsequently logged approximately 50 hours of flight time. He wanted to get an instrument rating, an advanced flight rating. The purpose of the flight on March 17, 1990, was to work on the requirements for that rating. Norman Cohen was seated in the left-hand pilot's seat of the dual-control Cessna when it began its takeoff roll from the midpoint of the runway of the Montezuma airport. Witnesses testified the plane began a steep climb and made a left turn. This was described as a "short field" or maximum performance takeoff, a maneuver which Norman Cohen was required to be familiar with and proficient at executing as a prerequisite to receiving his private pilot license. The plane, apparently in a departure stall-spin situation, suddenly plunged downward and crashed.

Plaintiff Cohen claimed that the probable cause of the loss of control of the aircraft was a defective pilot's seat which, allegedly due to improper maintenance, slipped backwards without warning during takeoff. Although Cohen submitted evidence in support of this contention, Lowe Aviation offered evidence to the contrary for the jury's consideration. For example, Henry Lowe, president of Lowe Aviation, testified that he had inspected the seat latching mechanisms three flight hours before the crash and found them to be in proper working order. The jury also heard from three expert witnesses who testified: 1) That a seat slip would have caused an abrupt change in the climb angle during takeoff, which the expert concluded did not occur in this case; 2) that the seat latching pins were properly engaged at the time of impact and immediately prior thereto; and 3) that the seat was in a normal position at the time of impact and rated the possibility that the seat had moved prior to the crash and then returned to its original position as "very unlikely."

Similarly, conflicting evidence was introduced at trial regarding whether flight instruction was in progress at the time of the crash.

The purpose of the flight was to receive instrument flight instruction, but some evidence was presented that the takeoff phase of the flight did not involve instrument flight instruction. Even if Hill was providing flight instruction, he was not strictly liable for the death of Cohen. The jury heard evidence that both Norman Cohen and Hill regularly logged in as pilot-in-command. They also heard that the pilot sitting in the left seat generally flies the plane, that is to say, is actually physically controlling the plane. It is uncontroverted that Norman Cohen was in the left seat. A witness testified that it looked as though the crash was caused by the pilot cross-controlling the aircraft, "and the minute you do that it's impossible to recover, and it's so quick that anyone else in there [even in a dual-control aircraft] could not recover from it. . . . The onset is extremely rapid, and it's a violent maneuver, and at that point it's impossible for anyone to recover the airplane." Therefore, there was some evidence before the jury from which it could conclude that Hill, even if he was providing instruction, was not negligently doing so.

We agree with the trial judge's observation that there were questions of fact regarding all of the major issues in this case. Because the jury heard conflicting evidence with regard to all of those issues, and there was some evidence upon which the jury could rely in forming their verdict, we do not find reversible error on any of the general grounds asserted in these enumerations of error.

2. Cohen alleges that the verdict was the product of bias and prejudice. Specifically she complains that defense counsel improperly interjected plaintiff's religion and economic status into the case. Cohen points to a portion of the trial at which defense counsel asked a question, the answer to which he purportedly knew would be that Norman Cohen had eaten lunch at a synagogue on the day of the crash. Counsel did not object to the question or move to strike the response. "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal. Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review." (Citations and punctuation omitted.) *Minton v. State*, 205 Ga. App. 430, 432 (3) (422 SE2d 300) (1992).

This Court recognizes the deleterious effects on society of any form of racial, religious, or ethnic bias. The presumption on the part of Cohen's counsel that this response was solicited solely as a means of telegraphing to the members of the jury that the decedent was Jewish and thereby influencing them to return a defense verdict is

unsettling. Whether that was, in fact, the purpose of the question is for the conscience of defense counsel to examine. The absence of any objection to the question or the answer and the lack of any ruling by the trial court, however, leaves this Court with nothing to review.

Similarly, Cohen's assertion that a reference to a country club was a prejudicial reference to her husband's economic status was not properly preserved for appellate review. However, we note that the argument is somewhat specious in light of evidence introduced by Cohen herself that her late husband had an annual salary of $126,000 and future earnings estimated to rise to $400,000 annually.

In a related enumeration of error, Cohen complains that defense counsel used regionalisms which were grossly improper and prejudicial to his client in order to align himself with the jury. Specifically she complains that counsel exhorted the jury, during closing argument, not to "send her counsel back to New York with a croker sack full of money." Such trial strategy is at a minimum impolite and arguably unprofessional. But even had the issue been properly preserved for our review, which it was not, we do not believe that it was so inflammatory as to have blinded the jury to the eight days of evidence which was otherwise competently presented.

3. We likewise find no merit in Cohen's final assertion that the trial court erred in failing to charge the jury that, because she proved that flight instruction was being provided at the time of the crash, the burden of proof shifted to Lowe to disprove flight instruction. Because contradictory evidence was introduced regarding whether Hill was providing flight instruction at the time of the crash, the burden did not shift and the trial court did not err in refusing to give the jury such an instruction.

### Case No. A96A0240

Our affirmance of the jury's verdict in Case No. A96A0239 renders the errors enumerated in Lowe's cross-appeal moot. Accordingly, this appeal is dismissed.

*Judgment affirmed in Case No. A96A0239. Case No. A96A0240 is dismissed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 3, 1996.

*Brown, Katz, Flatau & Hasty, Richard M. Katz*, for appellant.
*Sell & Melton, Joseph W. Popper, Jr., Jeffrey B. Hanson, John D. Comer*, for appellee.