A96A1153. McMILLIAN et al. v. ROGERS et al.
(479 SE2d 7)

RUFFIN, Judge.

In November 1991, Laburn McMillian was injured in a fire while working at Hooten & Rogers Auto Body & Paint Shop, Inc. According to McMillian, the fire started when he tried to light a coal-burning stove after pouring paint into it. McMillian and his wife brought suit against "Warren Rogers, Sr. and Warren Rogers, Jr., d/b/a Hooten

and Rogers" for damages. The McMillians subsequently amended their complaint to name as defendants only Warren Rogers, Sr. and Warren Rogers, Jr., individually ("the Rogers").

The basis for suit arises out of a claimed employer/employee relationship between Laburn McMillian and the Rogers. According to the McMillians, the Rogers breached their duty of ordinary care to employee Laburn McMillian by not providing safe appliances in the workplace and by failing to warn McMillian of known dangers and defects incident to his employment. Among other defenses, the Rogers denied that they had any employer/employee relationship with McMillian.

The case proceeded to trial, and at the close of the McMillians' evidence, the trial judge directed a verdict for the Rogers and entered judgment in their favor. The trial court denied the McMillians' motion for new trial, and they now appeal. We affirm.

1. The McMillians first argue that a prior declaratory judgment action collaterally estopped the trial court from determining on their motion in limine, their motion for new trial, and the Rogers' motion for directed verdict that no employer/employee relationship existed between Laburn McMillian and the Rogers. This argument fails on several grounds.

(a) First, although the McMillians claim that the trial court ruled against them on the employer/employee issue before, during and after the trial, nothing in the record supports that assertion.

The record does not reflect any motion in limine on the employer/employee issue. At a hearing on the motion for new trial, the McMillians' attorney asserted that the motion was submitted orally and denied. Statements of counsel, however, do not constitute evidence. *Anthony v. State*, 213 Ga. App. 303, 305 (2) (444 SE2d 393) (1994). There is nothing which shows that the trial court made any pretrial ruling on this issue. Furthermore, even assuming that a motion in limine was presented and denied, the sparse record does not show error. Absent any record of the pretrial proceedings, we must assume that the trial court's ruling was supported by the evidence presented. *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644 (1) (466 SE2d 236) (1995); *Grisson v. State*, 208 Ga. App. 679, 680 (431 SE2d 468) (1993).

The McMillians also assert that the trial court's ruling on the employer/employee relationship was the "linchpin" for its decision to direct a verdict against them. The record, however, contains no transcript or briefs showing what arguments were raised in support of or in response to the Rogers' motion. Although the parties' appellate briefs indicate that several arguments may have been presented regarding the motion, we cannot determine whether the trial court based its ruling on any or all of these grounds. The only record that a directed verdict was entered in this case is the trial court's written

order, which simply states that a directed verdict was granted to the Rogers after the McMillians presented their evidence.

To claim error "during the course of the proceedings at trial, [a] litigant must include, *at the barest minimum,* a transcript of that portion of the proceedings in which the alleged error occurred; or, in the alternative, a sufficiently detailed stipulation approved by an appropriate judge of the court in which the proceedings were conducted." (Emphasis in original.) *Tadlock v. Duncan,* 215 Ga. App. 441, 443 (1) (451 SE2d 80) (1994). Otherwise, we cannot determine what occurred in the proceedings below. Absent a record of the arguments made, the facts presented in support, and the basis for the trial court's ruling, we must assume that the evidence supported the ruling. *Studard,* supra at 644; see also *City of Atlanta v. Starke,* 192 Ga. App. 267, 268 (1) (c) (384 SE2d 419) (1989).

The record similarly does not reflect that the employer/employee issue resulted in an adverse ruling on the motion for new trial. Neither the transcript from the motion for new trial hearing nor the written order denying the motion reveals the basis for the trial court's ruling. Nothing indicates that an adverse decision on the employer/employee issue precluded a new trial in this case.

(b) Second, the McMillians state in their brief that they preserved the collateral estoppel argument for appeal through their pretrial motion in limine and their motion for new trial. As discussed above, the record reveals no motion in limine or corresponding ruling by the trial court. Therefore, we cannot determine that the McMillians raised the collateral estoppel issue in such a motion.

Furthermore, an issue for appeal may not be raised for the first time through a new trial motion. " 'Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review.' " *Cohen v. Lowe Aviation Co.,* 221 Ga. App. 259, 261 (2) (470 SE2d 813) (1996) (quoting *Minton v. State,* 205 Ga. App. 430, 432 (3) (422 SE2d 300) (1992)). The record does not show that the McMillians raised this issue for appeal in a timely manner.

(c) Finally, to claim estoppel by prior judgment, a litigant must "introduce those portions of the prior proceeding, duly certified, which are necessary to prove the [claim]. [Cit.]" *Roberts v. Porter, Davis &c.,* 193 Ga. App. 898, 901 (2) (389 SE2d 361) (1989). The McMillians did not submit copies of the declaratory judgment to the court until *after* the directed verdict, when they moved for new trial. In essence, the McMillians sought, through their motion for new trial, to add new evidence into the record in support of their collateral estoppel claim.

Although Georgia law permits motions for new trial based upon evidence not admitted in the first trial, that evidence must be *newly discovered.* OCGA § 5-5-23; see also *Collins v. Kiah,* 218 Ga. App.

484, 485 (2) (462 SE2d 158) (1995). Evidence relating to the prior declaratory judgment action was not "newly discovered" after the directed verdict. On the contrary, the McMillians were parties in the declaratory judgment proceedings, which concluded before the trial in this case began. The McMillians simply failed to introduce evidence of the declaratory judgment action at trial. Accordingly, collateral estoppel did not bar a ruling on the alleged employer/employee relationship between Laburn McMillian and the Rogers.

2. In their second enumeration, the McMillians claim (on grounds other than collateral estoppel) that the trial court improperly rejected their motion in limine to preclude the Rogers from denying any employer/employee relationship with Laburn McMillian. Once again, however, they failed to preserve this enumeration.

Nothing in the record reflects that this motion in limine was filed, argued, or ruled upon by the trial court. Because we do not know what transpired below, we must assume that any ruling by the trial court was supported by the evidence presented. *Studard*, supra at 644; *Grisson*, supra at 680. As discussed in Division 1 (b), an error may not be raised for the first time in a motion for new trial. *Cohen*, supra at 261. This enumeration presents nothing for review.

3. In their final enumeration, the McMillians argue that the trial court improperly directed a verdict for the Rogers on the ground that assumption of the risk barred their claim.

The McMillians did not properly preserve this enumeration. In their brief, the McMillians assert that they preserved the claim through their motion for new trial. Raising an argument at the new trial stage, however, does not preserve the error. *Cohen*, supra at 261. In addition, as discussed in Division 1, the record provides no transcript of the directed verdict proceedings or the arguments made. The McMillians have presented no record on which we can review the directed verdict ruling. *Tadlock*, supra at 443. Accordingly, we must assume the evidence was sufficient to support the trial court's ruling. *Starke*, supra at 268.

Furthermore, even if the McMillians had properly preserved this enumeration, it must fail. The McMillians argue in their brief only that Laburn McMillian did not assume the risk of injury under OCGA § 34-7-23, which relates to assumption of the risk by employees. The McMillians, however, have pointed to no record evidence establishing an employer/employee relationship between the Rogers and Mr. McMillian. In short, they have cited no evidence or authority to support this claim of error.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 2, 1996.

*Ballard & Ballard, Scott L. Ballard*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Kenneth M. Barre*, for appellees.