[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-12079
Non-Argument Calendar

————————————————

D.C. Docket No. 1:10-cv-00886-CC


NATHANIEL GARNER,

Plaintiff-Appellant,

versus


WELLS FARGO HOME MORTGAGE, INC.,

Defendant-Appellee.


————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(January 29, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Nathaniel Garner appeals pro se the dismissal without prejudice of his amended complaint against Wells Fargo Home Mortgage, Inc.  Fed. R. Civ. P. 12(b)(1).  Garner complained about a wrongful foreclosure, the breach of a duty to act in good faith, and fraud by Wells Fargo.  We affirm.

Garner lacked standing to complain about the foreclosure by Wells Fargo. To establish standing, a plaintiff must satisfy three requirements: an injury in fact, causation, and redressability.  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81, 120 S. Ct. 693, 704 (2000).  Marsha Meade executed a warranty deed transferring to Garner a condominium unit in Atlanta, Georgia, "subject to[] . . . [a] SECURITY DEED FROM MARSHA W. MEADE TO SECRSOURCE MORTGAGE, LLC . . . IN THE SUM OF $246,881.00 . . . WHICH WAS TRANSFERRED TO WELLS FARGO HOME MORTGAGE." Under Georgia law, which the parties agree applies, Wells Fargo had "full power and authority to foreclose or enforce the evidences of debt" that Meade owed on the condominium unit.  Ga. Code Ann. § 44-14-531; see Universal Chain Theatrical Enters. v. Oldknow, 168 S.E. 239, 240 (Ga. 1933).  Meade was the sole mortgagor on the property and the only person who might have been injured because of the alleged misconduct by Wells Fargo.  Garner did not assume, guarantee, or become obligated to pay the mortgage when he purchased the property.  And Garner was not entitled to act on Meade's behalf in the absence of

2

evidence that some obstacle prevented her from protecting her own interests.  See

Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975).  Garner, "who is

neither the . . . mortgagor nor [a] priv[y], nor in any way personally liable on the . .

. mortgage debt, has no standing to complain of defects in the foreclosure of the . .

. mortgage."  United States v. Palmer, 578 F.2d 144, 146 (5th Cir. 1978).

We **AFFIRM** the dismissal of Garner's amended complaint.