**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 18, 2014**

# In the Court of Appeals of Georgia

A14A1277. GARNER v. US BANK NATIONAL ASSOCIATION et al.

MILLER, Judge.

Nathaniel Garner sued US National Bank Association, Wells Fargo Home Mortgage, Inc., and McCalla Raymer, LLC (collectively "the Defendants") for wrongful foreclosure, fraud, intentional infliction of emotional distress, trespass to real property, and defamation of title for actions arising out of foreclosure proceedings and an ensuing dispossessory action. The Defendants moved to dismiss Garner's complaint, arguing, inter alia, that Garner's claims were barred by collateral estoppel because a prior federal lawsuit dismissed similar claims on the ground that Garner lacked standing. Following a hearing, the trial court granted the Defendants' motion, and this appeal ensued. On appeal, Garner contends that the trial court erred

in granting the Defendants' motion because it conducted a hearing on the motion without providing prior notice, and the underlying issues were not previously adjudicated on the merits. For the reasons that follow, we reverse.

As an initial matter, we consider the procedural posture of this case and the applicable standard of review. OCGA § 9-11-12 (b) provides in pertinent part that "[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56[.]" As explained below, the trial court considered matters outside the pleadings in this case. Therefore, we will treat the appealed order as one granting summary judgment to the Defendants. *Fernandez v. WebSingularity, Inc.*, 299 Ga. App. 11, 13 (1) (681 SE2d 717) (2009). We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Id.

So viewed, the record shows that on or about August 31, 2004, non-party Marsha W. Meade executed a promissory note in the amount of $246,881 and a security deed (the "Security Deed") in favor of Secursource Mortgage, LLC, for the purchase of a condominium located at 3338 Peachtree Road, N.E., #2804, in Atlanta

(the "Property"). In August 2007, Secursource assigned the Security Deed to Wells Fargo Home Mortgage, Inc. ("Wells Fargo").

In December 2008, Meade sold the Property to Garner and executed a warranty deed. However, the warranty deed stated on its face that the transfer of the Property was still subject to the Security Deed.[1]

On February 5, 2010, after Meade defaulted on the promissory note, McCalla Raymer caused a notice of foreclosure under power of sale to be advertised by publication, and the notice indicated that the foreclosure sale of the Property was to occur on March 2, 2010. McCalla Raymer also mailed a letter to Garner notifying him of the foreclosure sale. Prior to the foreclosure sale, Wells Fargo assigned the Security Deed to US Bank National Association ("US Bank").

One day before the foreclosure sale, Garner filed suit against Wells Fargo in Fulton County Superior Court, alleging that Wells Fargo could not conduct the foreclosure sale because it did not own the promissory note or Security Deed (the "Wells Fargo suit"). In his complaint, as amended, Garner asserted claims for

---

[1] The warranty deed also references another security deed executed by Meade in favor of Wells Fargo for the amount of $46,290 on August 31, 2004, the same day the Secursource Security Deed was executed.

wrongful foreclosure, breach of a duty to act in good faith, and fraud. On March 2, 2010, US Bank foreclosed on and bought the Property at the foreclosure sale.[2]

The Wells Fargo suit was removed to the federal district court and dismissed on the ground that Garner lacked standing to challenge the foreclosure process. See *Garner v. Wells Fargo Home Mortgage, Inc.*, 505 Fed. Appx. 837 (11th Cir. 2013). In affirming the dismissal of Garner's suit against Wells Fargo, the United States Court of Appeals for the Eleventh Circuit held that Garner lacked standing to complain of defects in the foreclosure sale of the Property because Meade was the sole mortgagor of the Property and the only person who might have been injured by any alleged misconduct because Garner did not assume, guarantee, or become obligated to pay the mortgage when he purchased the Property. Id. at 837.

In December 2012, Garner filed the instant lawsuit against the Defendants. The Defendants filed their answer and moved to dismiss the complaint, contending that Garner's claims were barred by the doctrine of collateral estoppel because the Wells Fargo suit decided the same issues adversely to Garner. In March 2013, the trial court

_____

[2] US Bank subsequently obtained a writ of possession to evict Garner from the Property. Garner sought discretionary review of the trial court's order, and this Court denied his application.

4

issued a notice of hearing stating that it would conduct a status conference on April 15, 2013.

At the April 15, 2013 hearing, the state trial court advised the parties that it would hear arguments on the Defendants' motion to dismiss. Garner, who appeared pro se, objected because the notice of hearing did not indicate that the Defendants' motion to dismiss would be argued at the hearing and, as a result, he did not bring the necessary materials. When asked whether he had timely filed a response to the motion, Garner stated that the date of the hearing was the last day to respond, he had the completed response with him, and he had planned to file it following the hearing. As to the merits of the Defendants' collateral estoppel argument, Garner asserted that the federal district court case was a nullity because the district court lacked personal jurisdiction over Wells Fargo since the company was never served with Garner's complaint. Garner also argued that collateral estoppel did not apply because there was no identity of parties and the federal court case was not adjudicated on the merits.

At the conclusion of the hearing, the trial court granted the Defendants' motion to dismiss, concluding that the prior federal adjudication collaterally estopped Garner from raising the claims in this case. This appeal followed.

1. Garner contends that the trial court erred in conducting a hearing on the Defendants' motion to dismiss and in converting the motion to dismiss into a motion for summary judgment by considering evidence outside the pleadings, without giving him prior notice. We agree.

When the trial court converts a motion to dismiss for failure to state a claim into a motion for summary judgment based on consideration of matters outside the pleadings,

> the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. The party opposing the motion may waive the right to the 30-day notice by acquiescing in the movant's submission of evidence in support of the motion to dismiss.

(Citations and punctuation omitted.) *Davis v. Phoebe Putney Health Sys., Inc.*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006).

In this case, the trial court's notice of hearing stated that it was conducting a status conference, and the notice made no mention of the Defendants' motion to dismiss, much less that the trial court would consider matters outside of the pleadings in reviewing that motion. Over Garner's objection, the trial court considered the Defendants' motion to dismiss, and in doing so, it considered matters outside of the

6

pleadings by reviewing the federal district court order dismissing Garner's lawsuit against Wells Fargo and the Eleventh Circuit Court of Appeals' opinion affirming that dismissal. Consequently, the trial court did not give Garner adequate notice that the motion to dismiss would be treated as a motion for summary judgment.

This does not end the inquiry, however, because deficient notice is not reversible error absent a showing of harm. See *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 289 (1) (676 SE2d 756) (2009). Although Garner had the opportunity to present his response to the Defendants' motion and was able to challenge the use of the federal court cases during the hearing, consideration of these cases was not harmless error because, on this record, the Defendants were not entitled to dismissal of Garner's complaint based on collateral estoppel or res judicata. Notably, "[i]n order to prove res judicata or collateral estoppel, a litigant must introduce those portions of the prior proceeding, duly certified, which are necessary to prove the defense." (Citation and punctuation omitted.) *Bradley v. British Fitting Group, PLC*, 221 Ga. App. 621, 622 (2) (472 SE2d 146) (1996). The hearing transcript shows that the federal court decisions, while tendered to the trial court, were not actually admitted into evidence, and there was no evidence of certified copies of the same. Moreover, material relied upon in support of a motion for summary judgment must be on file at

7

least 30 days before the hearing in order to be considered for the movant. See *Porter Coatings v. Stein Steel and Supply Co.,* 247 Ga. 631, 631-632 (278 SE2d 377) (1981); *Gunter v. Hamilton Bank of Upper East Tennessee*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991).

The Defendants argue that the trial court was authorized to take judicial notice of the federal court decisions in the Wells Fargo suit. Contrary to the Defendants' argument, the federal opinions were not subject to judicial notice because they were unpublished decisions. See OCGA § 24-2-220 (a trial court has a duty to take judicial notice of a judicial opinion from a foreign jurisdiction if "*published* by authority"); *Swafford v. Globe American Cas. Co.*, 187 Ga. App. 730, 733-734 (1) (371 SE2d 180) (1988) (Tennessee appellate court slip opinions are not published opinions and, therefore, not subject to judicial notice under former OCGA § 24-1-4[3]). Compare *Kramer v. Yokely*, 291 Ga. App. 375, 378-379 (1) (662 SE2d 208) (2008) (trial court entitled to judicially recognize and rely upon the federal district court's order that was published in the Federal Supplement Second Series).

---

[3] OCGA § 24-2-220 contains language identical to former OCGA § 24-1-4, which was repealed by Ga. Laws 2011, p. 99, § 2.

Since the trial court was not authorized to take judicial notice of the judgment in the Wells Fargo suit, it erred when it considered material not included in the actual court record. See, e.g., *In the Interest of D.W.*, 294 Ga. App. 89, 94 (3) (a) (668 SE2d 533) (2008); *Scott v. State*, 270 Ga. App. 292, 295 (2) (606 SE2d 312) (2004). The error cannot be considered harmless because, without admitting into evidence the duly certified copies of the prior judgment, the Defendants cannot establish that collateral estoppel barred Garner's lawsuit. See *McMillian v. Rogers*, 223 Ga. App. 699, 701-702 (1) (c) (479 SE2d 7) (1996) (collateral estoppel did not bar a subsequent ruling on the same issue where the party asserting the defense failed to submit a duly certified copy of the prior proceeding into evidence). Accordingly, the trial court erred in granting the Defendants' motion for summary judgment.

2. In light of our holding in Division 1, we need not address Garner's other enumeration of error.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur in the judgment only*.