**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1530. SWEET CITY LANDFILL, LLC v. LYON et al.

COOMER, Judge.

Sweet City Landfill, LLC ("Sweet City") appeals from a trial court order granting the motions to dismiss filed by Appellees Elbert County, The Board of Commissioners for Elbert County, Bill Daughtry, and Russel T. Lyon, Horace Harper, Harold Reynolds, Frank Eaves, Kenneth Ashworth, Freddie Jones, Lee Vaughn, and Chris Alexander, individually and in their official capacities as Members of the Board of Commissioners of Elbert County (collectively, the "County Commission"). Sweet City contends the trial court erred by finding the named local government officials were entitled to immunity because Sweet City's complaint adequately alleged bad faith and willful misconduct. Sweet City further argues the trial court erred by finding the tolling provision of OCGA § 9-3-96 did not apply to violations of the Open

Meetings Act, by taking judicial notice of matters outside the pleadings, and by dismissing Sweet City's claims on res judicata grounds. For the reasons that follow, we affirm.

"On appeal, we review de novo the trial court's grant of a motion to dismiss a complaint. We construe the complaint in the light most favorable to the plaintiff, with all doubts resolved in [its] favor." *Marshall v. McIntosh County*, 327 Ga. App. 416, 416 (759 SE2d 269) (2014) (citations omitted). As alleged in the complaint, Sweet City has a joint venture agreement, lease, and purchase option with an Elbert County landowner for the purpose of developing a landfill facility in Elbert County, Georgia. After expending considerable monies in pursuit of the project, several decisions and actions taken by the County Commission delayed or destroyed the viability of the landfill project. For years, several of the same parties in the present case have engaged in multiple lawsuits regarding Sweet City's pursuit of this landfill project. The law suits describe in detail the County Commission's violation of Sweet City's constitutional rights and the County Commissions' own policies and procedures. See *Elbert County v. Sweet City Landfill, LLC*, 297 Ga. 429, 429 (774 SE2d 658) (2015); *Sweet City Landfill, LLC v. Elbert County*, 347 Ga. App. 311, 311 (818 SE2d 93) (2018).

The complaint alleged that in April 2018, during a debate between two current members of the Elbert County Commission, named-defendants Frank Eaves and Lee Vaughan, who were both running for election to serve as chairman of the Elbert County Commission, Eaves provided background information on the County Commission's decision in 2012 to vote against hearing Sweet City's plan for a landfill project at a public meeting. Eaves stated that prior to the public meeting at which Sweet City's landfill project was on the agenda for discussion, a private meeting between members of the County Commission occurred where one of its members stated "we're going to knock this landfill in the head before it ever gets started." As explained by Eaves, during the public meeting later that evening, the plan to vote against hearing Sweet City's plan for a landfill project without discussion was implemented.

Sweet City's complaint further alleged that the admission by Eaves makes clear that with respect to its actions and decisions regarding Sweet City's landfill project, the County Commission violated Georgia law and the County Commission's own internal policies and procedures. More specifically, Sweet City alleged the County Commission conspired to violate the Open Meetings Act and intentionally

3

interfere with Sweet City's business and contract relationships in order to frustrate its efforts to construct the landfill project.

In response to Sweet City's allegations, the County Commission filed a motion to dismiss, alleging that (1) Sweet City's claims were resolved in a prior lawsuit, (2) the statute of limitations on Sweet City's Open Meetings Act claims had expired, and (3) and the named individuals in Sweet City's lawsuit were entitled to immunity from suit. During the hearing on the motion to dismiss, the County Commission argued that in light of prior appellate decisions arising out the same set of facts outlined in the present case, and despite Sweet City's attempt to characterize them differently in its complaint, the fact that the County Commission has not acted on Sweet City's special-use permit application makes the challenges raised by Sweet City premature and not ripe for judicial interference. See *Sweet City Landfill, LLC*, 297 Ga. at 433 ("Sweet City cannot meet that step; as the trial court found, the Board did not render a decision on Sweet City's SUP application.").

In response, Sweet City argued that the trial court could not take into consideration the prior holdings of appellate courts as it relates to this present case without converting the County Commission's motion to dismiss into a motion for summary judgment, and thus, all the trial court could consider are the allegations

4

within the complaint. The trial court overruled Sweet City's objection regarding its consideration of prior appellate decisions, noting that its review of the prior appellate decisions were not to serve as a proof of factual allegations but rather to serve as "proof of actions that occurred between the parties in other cases."

In its order on the County Commission's motion to dismiss, the trial court granted the County Commission's motion in part, dismissing all claims except Sweet City's mandamus claims.[1] The trial court noted that in the 2013 lawsuit filed by Sweet City against substantially the same defendants as in the present case, Sweet City alleged that the County Commission took actions which violated its rights in connection with Sweet City's efforts to pursue its landfill project. The trial court found, without citation to authority, that it could take judicial notice of the prior lawsuit between the parties without converting that motion to dismiss into a motion for summary judgment because the County Commission asserted in its defense that the "issues raised in this action were considered and resolved in the prior lawsuit" and that doing so would not change the nature of the County Commission's motion. The trial court further found that the ultimate holding of the 2013 case as determined by

---

[1] On January 2, 2019, the trial court entered a consent order on the mandamus claim, which constituted a final order in the case. That order is not a subject of this appeal.

our Supreme Court was that "because no decision was made [during the 2012 county commission meeting], Sweet City had not exhausted its administrative remedies and could not bring an as applied claim because [the County Commission] had not yet applied its ordinances to Sweet City or denied a permit for a landfill." The trial court held that the allegations within Sweet City's present complaint are "as applied" claims and, based on the Supreme Court's decision in the prior case and because Sweet City's complaint does not identify any action by the County Commission subsequent to the events of the earlier case which deprived it of any rights relative to the landfill project, Sweet City's claims for civil conspiracy, intentional interference with business relations, intentional interference with contract relations, and abuse of power are subject to dismissal. This appeal followed.

1. Sweet City first contends the trial court erred in granting immunity to the named County Commission defendants because Sweet City properly pleaded bad faith and intentional misconduct which thereby removed the shield of immunity provided by OCGA § 51-1-20 (a). In support of its contentions, Sweet City relies on the unsworn statements made during a debate by named-defendant Eaves, that members of the County Commission met and decided to vote against hearing Sweet

6

City's plan for the landfill project prior to the public meeting. We disagree with Sweet City's argument.

OCGA § 51-1-20 (a) provides in part that

A person serving with or without compensation as a member . . . of any local governmental agency, board, authority, or entity shall be immune from civil liability for any act or any omission to act arising out of such service if such person was acting in good faith within the scope of his or her official actions and duties and unless the damage or injury was caused by the willful or wanton misconduct of such person.

Additionally, the immunity provided under OCGA § 51-1-20 applies regardless of whether the nature of the person's actions at issue were ministerial or discretionary. See *Dyches v. McCorkle*, 212 Ga. App. 209, 215 (441 SE2d 518) (1994). Here, Sweet City contends that the actions taken by the County Commission in its private meeting before the public meeting were in bad fath and in violation of the Open Meetings Act and thus immunity under OCGA § 51-1-20 did not apply. Sweet City's complaint alleges the County Commission has "not acted in good faith" but "in furtherance of the conspiracy to violate the Open Meetings Act laws to the detriment of [Sweet City]." However, even under the liberal pleading requirements that apply at the motion to dismiss stage, Sweet City's complaint fails to set out a

plain statement that any resolution, rule, regulation, ordinance, or other official action was adopted, taken, or made by the County Commission at a meeting which was not open to the public in violation of the Open Meetings Act. See *Murphy v. Am. Civil Liberties Union of Georgia, Inc.*, 258 Ga. 637, 638 (3) (373 SE2d 364) (1988). In fact, the complaint alleges the official action was taken by the County Commission during the meeting that was open to the public. "Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." *Culpepper v. Thompson*, 254 Ga. App. 569, 570 (a) (562 SE2d 837) (2002) (citation omitted). "Wilful conduct is based on an actual intention to do harm or inflict injury; wanton conduct is that which is so reckless or so charged with indifference to the consequences as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Id*. (citation omitted). Here, the County Commission's actions as alleged in the complaint were within the scope of its official duties and Sweet City has not pled sufficient facts to show bad faith. Thus, the County Commission is entitled to statutory immunity.

2. Sweet City next argues the trial court erred in finding OCGA § 9-3-96's tolling provisions did not apply to a violation of the Open Meetings Act and in finding that Sweet City failed to prove fraud or concealment. We disagree.

OCGA § 9-3-96 provides that "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 50-14-1 (b) (2) provides

> Any resolution, rule, regulation, ordinance, or other official action of an agency adopted, taken, or made at a meeting which is not open to the public as required by this chapter shall not be binding. Any action contesting a resolution, rule, regulation, ordinance, or other formal action of an agency based on an alleged violation of this provision shall be commenced within 90 days of the date such contested action was taken or, if the meeting was held in a manner not permitted by law, within 90 days from the date the party alleging the violation knew or should have known about the alleged violation *so long as such date is not more than six months after the date the contested action was taken*.

(Emphasis supplied).

Sweet City contends that OCGA § 9-3-96 tolled the six month statute of limitation within the text of the Open Meetings Act because the alleged fraudulent actions taken by the County Commission in 2012 were not revealed until 2018, six

9

years later. The trial court disagreed and found that the intent of the Georgia General Assembly was to "put a maximum time within which an action asserting violation of the Open Meetings Act must be brought. The express statutory language does not permit extensions of the time limitations due to allegations of fraud." The trial court further reasoned that while Sweet City "generally alleged fraud, it has not, and at oral argument could not, point to any specific fraudulent statement or action by [the County Commission]." We agree with the trial court.

> [I]n considering the meaning of a statute, our charge as an appellate court is to "presume that the General Assembly meant what it said and said what it meant. And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. In summary, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

*Monumedia II, LLC v. Dept. of Transportation*, 343 Ga. App. 49, 51–52 (1) (806 SE2d 215) (2017) (footnotes and punctuation omitted). Here, OCGA § 50-14-1 (b) (2) provides that any action alleging a violation of the Open Meetings Act must be brought within 90 days but no later than six months after the alleged violation was to

10

have occurred. Construing the statute according to its plain meaning, the outer limits of when an action for alleged violations of the Open Meetings Act may be brought is six months and the statute leaves no indication that the time for bringing such a claim may be tolled.

Even assuming, arguendo, that the tolling provisions of OCGA § 9-3-96 applies to violations of the Open Meetings Act, in Georgia, "to toll the statute of limitation under [OCGA § 9-3-96], [Sweet City] must show that: "(1) [the County Commission] committed actual fraud; (2) the fraud concealed the cause of action from [Sweet City]; and (3) [Sweet City] exercised reasonable diligence to discover the cause of action despite [its] failure to do so within the statute of limitation." *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 842 (1) (815 SE2d 169) (2018) (footnotes omitted). "Further, a plaintiff bringing an action for fraud has the burden of showing the existence of facts that would toll the statute of limitation." *Id*. at 843 (footnote and punctuation omitted). As our Supreme Court previously noted, OCGA § 9-3-96

> has always been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence. Furthermore, prescribing periods of limitation is a legislative, not a judicial, function, and thus all analyses of whether the running of a particular limitation

11

period has been tolled must be performed within the statutory framework.

*Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 846 (1) (507 SE2d 411) (1998) (footnote omitted). In considering what action will toll the running of a limitation period, our Supreme Court distinguishes between those cases where the underlying claim is actual fraud and those where the underlying claim is akin to something other than fraud. See *Id*. at 846-847. It is in those cases where the crux of the underlying claim is actual fraud that the limitations period is tolled until the fraud is discovered or could have been discovered. See *Id*. at 847. But, where as here, the gravamen of Sweet City's claims are not of fraud but arise out of a dispute with the County Commission's handling of its zoning request for a landfill project, OCGA § 9-3-96 cannot toll the limitation period without a showing of "a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing [its] action." *Shipman v. Horizon Corp*., 245 Ga. 808, 809 (267 SE2d 244) (1980). To prove fraud in Georgia, the following five elements must be established: "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *Romedy v. Willett*

12

*Lincoln-Mercury, Inc.*, 136 Ga. App. 67, 67 (2) (220 SE2d 74) (1975) (citation omitted). In the present case, neither Sweet City's complaint nor its brief on appeal allege with any particularity that the County Commission made any fraudulent statements or representations or that it committed any fraudulent actions. Accordingly, the trial court did not err in finding that Sweet City could not avail itself of the tolling provisions of OCGA § 9-3-96 and dismissing Sweet City's Open Meetings Act claim.

3. Sweet City next argues the trial court erred in taking judicial notice of matters outside the pleadings and failing to convert the County Commission's motion to dismiss to a motion for summary judgment and providing Sweet City with an opportunity to conduct discovery and submit evidence. We agree.

"Although a trial court has the option to consider evidence attached to a motion to dismiss and brief in support thereof, when it does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56." *Islam v. Wells Fargo Bank, N.A.*, 327 Ga. App. 197, 200 (1) (757 SE2d 663) (2014) (citations and footnote omitted).

> When the trial court converts a motion to dismiss for
> failure to state a claim into a motion for summary judgment

> based on consideration of matters outside the pleadings, the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. The party opposing the motion may waive the right to the 30–day notice by acquiescing in the movant's submission of evidence in support of the motion to dismiss.

*Garner v. U.S. Bank Nat. Assn.*, 329 Ga. App. 86, 88-89 (1) (763 SE2d 748) (2014) (citation omitted).

In the present case, the documents attached to the County Commission's motion to dismiss included: (1) the published Supreme Court decision in the prior lawsuit between the parties; (2) an order of the trial court in the prior lawsuit between the parties; (3) Sweet City's complaint in the prior lawsuit; (4) Sweet City's motion for summary judgment in the prior lawsuit; (5) the published Court of Appeals decision in the prior lawsuit; (6) Sweet City's motion for reconsideration in the prior lawsuit; (7) Sweet City's motion to stay the Court of Appeal's decision; (8) the Court of Appeal's denial of Sweet City's motion for reconsideration; and Sweet City's notice of intent to apply for certiorari.

14

At the hearing on the County Commission's motion to dismiss, and over Sweet City's objection, the trial court concluded that its consideration of the documents attached to the County Commission's motion to dismiss did not convert it to a motion for summary judgment because even though the County Commission's motion is based on Sweet City's alleged failure to state a claim, the County Commission's challenge is to the jurisdiction of the court to hear the case. The trial court reasoned that even if it had converted the motion to dismiss to a motion for summary judgment, it was only required to give Sweet City notice of its intention to do so; it could still consider the County Commission's motion in 30 days, and it was in the trial court's discretion whether to allow Sweet City additional time for discovery.

It is undisputed from the record that the trial court considered matters outside the pleadings in rendering its decision and did not give Sweet City 30-days notice to prepare evidence in opposition to the motion. While it is true that "deficient notice is not reversible error absent a showing of harm," in the present case, Sweet City argues that had the trial court followed procedure for converting the motion to dismiss to a motion for summary judgment, it would have conducted additional discovery to respond to the County Commission's motion in kind. See *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (1) (596 SE2d 648) (2004) (footnote

15

omitted). However, Sweet City does not argue how it was harmed by the trial court's decision to review those documents and Sweet City's complaint in the present case asserts that the prior lawsuits describe in detail the many ways in which the County Commission allegedly violated the law and its own policies. Although we agree with Sweet City that the trial court erred by not providing notice that it planned to consider matters outside the pleadings in rendering its decision, we find the deficient notice in this case is not reversible error.

Consequently, even if the trial court had not considered matters outside the pleadings, the results of this case would be the same. In our de novo review of the trial court's order dismissing Sweet City's claims for civil conspiracy, intentional interference with business relations, intentional interference with contract relations, and abuse of power against the County Commission, this Court will consider only the pleadings and the documents attached thereto, while viewing them in the light most favorable to Sweet City, as required.

> Under current Georgia law, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to

16

dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013) (citations and punctuation omitted). In its complaint, Sweet City alleged the County Commission conspired to commit certain tortious acts against it in an effort to keep it from completing its landfill project. More specifically, Sweet City's complaint alleged claims of civil conspiracy, intentional interference with business relations, intentional interference with contract relations, and abuse of power. The complaint further alleged that certain "collective actions" by the County Commission against Sweet City were maliciously intended to injure Sweet City's landfill project as well as induce other third parties not to enter into business relationships with Sweet City. In support of its contentions, Sweet City relied on the unsworn statements made by named-defendant Eaves during a debate that members of the County Commission met and decided to vote against hearing Sweet City's plan for the landfill project prior to a public meeting.

17

"To recover damages based on a civil conspiracy, a plaintiff must show that two or more persons combined either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort." *McIntee v. Deramus*, 313 Ga. App. 653, 656 (722 SE2d 377) (2012) (footnote and punctuation omitted)."The conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Id*. (footnote and punctuation omitted). The essential element of conspiracy is proof of a common design showing "that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design." *Parrish v. Jackson W. Jones*, *P.C.*, 278 Ga. App. 645, 649 (3) (629 SE2d 468) (2006) (citation omitted). "Absent the underlying tort, there can be no liability for civil conspiracy." *Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga. App. 200, 207 (6) (573 SE2d 455) (2002) (citation omitted).

a. *Tortious Interference*

Sweet City's complaint alleges both tortious interference with business relations and tortious interference with contractual relations as underlying torts in support of its overall conspiracy claim. "Tortious interference with business relations is a distinct and separate tort from that of tortious interference with contractual

18

relations, although some of the elements of the two torts are similar." *Renden, Inc. v. Liberty Real Estate Ltd. Partnership III*, 213 Ga. App. 333, 334 (2) (444 SE2d 814) (1994). "To recover for tortious interference with business relations, a plaintiff must establish that the defendant: (1) acted improperly and without privilege; (2) acted purposely and with malice with the intent to injure; (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff; and (4) caused the plaintiff financial injury." *Cook Pecan Co., Inc. v. McDaniel*, 344 Ga. App. 370, 374 (3) (810 SE2d 186) (2018) (footnote and punctuation omitted). An essential element of a tortious interference with business relations claim "is that the alleged tortfeasor induced a third party or parties not to enter into or continue a business relationship with the plaintiff." *Renden, Inc*., 213 Ga. App. at 335 (2) (b) (citation omitted). "A cause of action for intentional interference with contractual rights must be based on the intentional and non-privileged interference by a third party with existing contractual rights and relations." *Tom's Amusement Co., Inc. v. Total Vending Svcs.*, 243 Ga. App. 294, 295 (2) (533 SE2d 413) (2000) (footnote omitted).

In the present case, Sweet City alleged that, as detailed in prior litigation between the parties, certain actions by the County Commission violated Sweet City's constitutional rights and the County Commission's own policies and procedures and

has resulted in considerable harm to the viability of its landfill project. However, in reviewing the four corners of Sweet City's present complaint in the light most favorable to it, the complaint does not allege facts regarding any actions taken by the County Commission that deprived it of its rights relative to the landfill. Sweet City does not allege that the County Commission denied its special-use application to develop the landfill project, induced third parties not to enter into or continue business relationships with Sweet City, or that the County Commission meddled in Sweet City's existing contractual relationship with third parties. See *McDaniel*, 344 Ga. App. at 374 (3) ("To sustain a claim for intentional interference with business relations, the tortfeasor must be an "intermeddler" acting improperly and without privilege. To be liable for tortious interference with business relations, one must be a stranger to the business relationship giving rise to and underpinning the contract." (footnote omitted)). In sum, based on the facts alleged in the complaint, neither claim can support Sweet City's assertion of civil conspiracy.

b. *Abuse of Power*

Sweet City's complaint further alleged that the County Commission abused its power when it allegedly decided during a private meeting prior to the 2012 public meeting to vote against hearing Sweet City's plan for its landfill project. However,

20

the complaint also alleges that after the private meeting, the County Commission voted at the public meeting not to hear Sweet City's plan. As such, the subsequent actions taken by the County Commission to reaffirm actions allegedly taken in the private meeting render Sweet City's claim moot. See *Schoen v. Cherokee County*, 242 Ga. App. 501, 502 (2) (530 SE2d 226) (2000) (holding that the action taken in a later public meeting was binding, thereby rendering any action taken during the prior closed meeting moot).

Consequently, because none of Sweet City's tort claims can support its claims for civil conspiracy, the trial court did not err in dismissing counts one, three, four, and five of Sweet City's complaint. See *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 330 (4) (514 SE2d 669) (1999) ("Absent the underlying tort, there can be no liability for civil conspiracy."(footnote omitted)).

4. Lastly, Sweet City argues the trial court erred in dismissing its claims on res judicata grounds because no identity of parties or claims existed, and the new causes of action did not accrue until after the alleged prior action. We disagree.

> In Georgia, OCGA § 9-12-40 represents a codification of the common law doctrine of res judicata, and provides as follows: A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue

21

or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

*Carson v. Brown*, 348 Ga. App. 689, 707 (3) (a) (824 SE2d 605) (2019). "The purpose of the doctrine is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Crowe v. Elder*, 290 Ga. 686, 688 (723 SE2d 428) (2012) (citation omitted). "These prerequisites must be satisfied before res judicata acts as a bar to subsequent litigation—identity of the cause of action, identity of the parties or their privies, and a previous adjudication on the merits by a court of competent jurisdiction." *Id.* (citation omitted).

(a) *Identity of the Parties*

"The term 'party' to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment." *State Bar of Georgia v. Beazley*, 256 Ga. 561, 563 (1) (b) (350 SE2d 422) (1986) (citation omitted). "A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the

party to the judgment represented the same legal right." *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 487 (696 SE2d 667) (2010) (citation and punctuation omitted). In its complaint, Sweet City alleges the following:

> Many of these same parties are engaged in a lengthy litigation battle that has produced multiple prior lawsuits and currently includes a matter on appeal with the Court of Appeals of Georgia (Appeal No. A16A1794).

In its order, the trial court found that Sweet City's 2013 lawsuit was "against substantially the same defendants." In the present case, Sweet City substituted the county attorney, Bill Daughtry, for the county manager, Bob Thomas, but kept the County, County Commission members, both past and present, as defendants in both cases. Thus, the record and Sweet City's complaint establish that there is identity of the parties or their privies between the present and prior actions.

(b) *Identity of Causes of Action*

"A cause of action has been defined as being the entire set of facts which give rise to an enforceable claim." *Morrison v. Morrison*, 284 Ga. 112, 116 (3) (663 SE2d 714) (2008) (citation and punctuation omitted). "The question in determining whether an issue has already been decided by another court is whether both claims arose from the same set of facts. To determine that question, we must examine the subject-matter

23

and the issues as raised by the pleadings in the two cases." *QOS Networks Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 532 (1) (b) (669 SE2d 536) (2008) (citation and punctuation omitted). The complaint in the present case alleges the following:

> The prior lawsuits describe in detail the many ways in which the [County Commission] violated Plaintiff's constitutional rights and the [County Commission's] own policies and procedures by failing and/or refusing to make decisions. Those decisions remain the subject of the pending appeal and will not be addressed in this action.

In both the 2013 lawsuit filed by Sweet City, which was ultimately adjudicated by our Supreme Court in *Sweet City Landfill, LLC*, 297 Ga. at 429, and the present case, Sweet City argues that the actions taken by the County Commission regarding Sweet City's landfill project were unconstitutional and in violation of county rules and procedures. And while Sweet City raised the Open Meetings Act claim in the present suit, which it contends did not accrue until April 24, 2014, the trial court did not apply res judicata to that claim but dismissed it on other grounds. The subject matter in the prior suits is virtually the same; that is, the County Commission's actions deprived Sweet City of its rights to develop property in Elbert County for a landfill project. See *McCracken v. City of College Park*, 259 Ga. 490, 491 (2) (384

24

SE2d 648) (1989) ("So long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same, and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different." (citation and punctuation omitted)); see also *ChoicePoint Svcs., Inc. v. Hiers*, 284 Ga. App. 640, 643 (2) (644 SE2d 456) (2007) ("the adding of additional claims for relief which grow out of the same factual situation does not amount to the adding of a new or different cause of action." (citation omitted)).

(c) *Adjudication on the Merits*

Finally, the record shows that the merits of Sweet City's allegations against the County Commission were previously adjudicated as evidenced by our Supreme Court's holding. The Supreme Court ultimately held that because the County Commission had not rendered a decision regarding Sweet City's proposed landfill project and Sweet City had not exhausted its administrative remedies with respect to the project, Sweet City's as applied claims were not ripe for adjudication. See *Elbert County*, 297 Ga. at 433-434 (1). As the trial court noted in the present case, Sweet City had not identified any action by the County Commission subsequent to events of the earlier case which deprived Sweet City of any rights relative to the proposed landfill project.

25

As all three prerequisites for res judicata are met in this case, we find the trial court did not err in dismissing Sweet City's as applied claims on res judicata grounds.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur*.